405 So.2d 200 (1981)
Shirley KICKASOLA, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-1775.
District Court of Appeal of Florida, Third District.
September 22, 1981.
Rehearing Denied October 28, 1981.
Bennett H. Brummer, Public Defender and Lance R. Stelzer, Sp. Asst. Public Defender, for appellee.
Jim Smith, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and BARKDULL and NESBITT, JJ.
NESBITT, Judge.
The defendant appeals her judgment of conviction for possession with intent to sell methaqualudes contrary to Section 893.13(1), Florida Statutes (1979) [Count I]; and actual or constructive possession of methaqualudes contrary to Section 893.13(1)(e), Florida Statutes (1979) [Count II].
As to Count I, which charged the defendant with possession with intent to sell, Section 893.13(1)(a), Florida Statutes (1979) provides in pertinent part:
Except as authorized by this chapter and chapter 500, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance. [emphasis supplied]
Count I did not charge the defendant with the mere sale of methaqualudes.
Likewise, in Count II, the defendant was charged pursuant to Section 893.13(1)(e), Florida Statutes (1979), which in pertinent part provides:
It is unlawful for any person to be in actual or constructive possession of a controlled substance .... [emphasis supplied]
In both counts, possession is an essential element of the offense charged.
The defendant contends that the evidence is insufficient as to this essential element *201 and therefore her conviction should be reversed. We agree.
The defendant was a visitor to the residence of a co-defendant when an undercover policeman and confidential informant arrived at the home to purchase methaqualudes. The agent testified that when they were met at the door by the defendant, the informant asked for "the guy by the name of Chips who was supposed to sell me qualudes." The agent was escorted to the co-defendant's bedroom by the defendant who, after introducing the agent to the co-defendant, left the room. An agreement was reached whereby the undercover agent would purchase 300 methaqualudes from the co-defendant. The co-defendant got up to obtain a set of keys and tried several of them before opening the tool box in which the methaqualudes were located. After a sample of the methaqualudes was delivered to the agent for inspection, the defendant returned to the bedroom. As she watched the rest of the transaction, she inquired of the undercover policeman:
Is that all you're going to buy, 300 ludes? Why don't you buy them all?
The state contends that as a result of these actions the defendant maintained constructive possession of the methaqualudes. One of the leading cases which establishes the minimum criteria to support a conviction for possession of a controlled substance is Spataro v. State, 179 So.2d 873 (Fla.2d DCA 1965) where the court stated:
The accused has "constructive possession" of a chattel where he has knowledge of its presence coupled with the ability to maintain control over it or reduce it to his physical possession, even though he does not have actual personal dominion. [emphasis supplied]
179 So.2d at 877. In Frank v. State, 199 So.2d 117 (Fla.1st DCA 1967), the court stated:
If the premises on which the drugs are found is not in the exclusive but only in the joint possession of the accused, knowledge of the drugs' presence on the premises and the ability to maintain control over them by the accused will not be inferred but must be established by proof. Such proof may consist either of evidence establishing actual knowledge by the accused, or evidence of incriminating statements and circumstances from which a jury might lawfully infer knowledge by the accused of the drugs' presence on the premises.
199 So.2d at 120.
Because proof of possession in this case rested exclusively upon circumstantial evidence, that proof must not only be consistent with guilt but also inconsistent with any reasonable hypothesis of innocence. Peek v. State, 395 So.2d 492 (Fla. 1980). Evidence which furnishes nothing stronger than a suspicion, even though it tends to justify the suspicion that the defendant committed the crime, is insufficient to sustain a conviction. Davis v. State, 90 So.2d 629 (Fla. 1966). As demonstrated by the facts as set forth in the instant case, the evidence of defendant's ability to maintain control over the contraband is too ambiguous, when gauged by the circumstantial evidence rule, to demonstrate constructive possession of the methaqualudes. The case is much like Taylor v. State, 319 So.2d 114 (Fla.2d DCA 1975) where the court found that proximity to the contraband, while consistent with the hypothesis that defendant had an ability to control it, was subject to the equally reasonable hypothesis of innocence. Here, the only additional evidence favorable to the state was the statement by the defendant when she returned to the bedroom, "Is that all you're going to buy, 300 ludes? Why don't you buy them all?" The defendant's offer to sell the methaqualudes was entirely too ambiguous to reflect any dominion and control over them. We are not called upon to determine whether her offer to sell would have been sufficient to sustain a conviction as an aider and abettor, pursuant to Section 777.011, Florida Statutes (1979) as the defendant was not charged with the sale of methaqualudes. However, the law is clear that one is not guilty of possession by virtue of aiding and abetting a sale. Daudt v. State, 368 So.2d 52 (Fla.2d DCA 1979). See also, Stephenson v. State, 371 So.2d 554 (Fla.2d DCA 1979).
*202 There was no showing that the defendant had free access to the bedroom where the methaqualudes were located or that she had access to either the tool box in which the contraband was located or the key to open it.
In this case, possession of contraband was a material element of the charges. The circumstantial evidence presented by the state was insufficient to establish the defendant's constructive possession of the methaqualudes. Consequently, the defendant's judgment of conviction is reversed and remanded with directions to discharge her from custody.
Reversed and remanded.