610 So.2d 24 (1992)
Arthur F. RAS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-03331.
District Court of Appeal of Florida, Second District.
November 25, 1992.
*25 Regina W. Cosper, Sarasota, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Arthur Ras appeals his conviction for trafficking in cocaine, alleging insufficient evidence. We agree and reverse.
The evidence in the light most favorable to the state shows the following. Ras and Raymond Frank, a suspected drug dealer, met undercover detectives at a lounge. Frank told the detectives that Ras wanted to purchase cocaine. Ras and Frank accompanied the detectives to the detectives' motel room. Ras negotiated the price for three ounces of cocaine. The officers told Ras and Frank to meet them later at the motel room. Ras returned to the motel room with Griswold. Griswold had the money, took a sample of the cocaine, field tested the sample, and then snorted the cocaine. Ras's only involvement at this time was to lend Griswold a pocket knife to open the bag of cocaine. Griswold then gave the detective the money and picked up the package of cocaine. Ras and Griswold were placed under arrest at this time. After his arrest and after receiving his Miranda warnings, Ras told the detectives that "they were taking the cocaine back to a 50 or 60 year old man that they identified as Ray Tibbs."
The state, in its information, charged that Ras "did knowingly sell, manufacture, deliver or bring into the State of Florida, or did knowingly possess ... over 28 grams of cocaine." The judge determined during the trial that the evidence showed only trafficking by possession, and the jury received the case on that charge and its lesser included offenses. In order to support the conviction for trafficking by possession, the evidence must show that Ras possessed the cocaine, either actually or constructively.
The evidence reflects that Griswold, not Ras, had actual possession of the cocaine. To prove constructive possession, the state was required to prove that Ras knew of the presence of the cocaine and had the ability to maintain control over it or reduce it to his physical possession. See Spataro v. State, 179 So.2d 873 (Fla. 2d DCA 1965). Ras certainly knew of the presence of the cocaine, so this case turns on whether he had dominion or control over the cocaine. Because Ras did not have exclusive control of the area, it may not be inferred that he had control of the cocaine without other incriminating statements or circumstances which tend to support that inference. See Spataro, 179 So.2d at 877 (quoting Evans v. U.S., 257 F.2d 121, 128 (9th Cir.1958)). The trial court relied on Ras's post-arrest statement that they intended to take the cocaine to the buyer in Sarasota in order to show that Ras at least constructively possessed the cocaine. That admission, however, cannot be the sole evidence to support the element of possession; the state was required to present prima facie evidence establishing all elements of trafficking by possession independent of Ras's statement. See Johnson v. State, 569 So.2d 872 (Fla. 2d DCA 1990), review denied, 581 So.2d 167 (Fla. 1991). The state offered no prima facie evidence to show that Ras possessed the cocaine.
We have looked at whether the evidence could support a conviction of aiding and *26 abetting the purchase. An aider and abettor of a purchase does not necessarily aid and abet the possession. Cf. Stephenson v. State, 371 So.2d 554 (Fla. 2d DCA 1979); Daudt v. State, 368 So.2d 52 (Fla. 2d DCA), cert. denied, 376 So.2d 76 (Fla. 1979); Kickasola v. State, 405 So.2d 200 (Fla. 3d DCA 1981) (aiding and abetting a sale does not constitute aiding and abetting possession).[1] We have concluded that Ras likely aided and abetted the purchase but did not aid and abet the possession.
The state, for some unknown reason, did not charge purchase of the cocaine in a trafficking amount,[2] which could have been charged, and which is supported by the evidence. Equally puzzling is why the state did not charge conspiracy to traffic in cocaine, which is supported by the evidence, and also carries a mandatory minimum prison sentence.[3] We are compelled to conclude that Ras must be adjudged not guilty of trafficking in cocaine by possession of the cocaine.
Reversed and remanded with directions to discharge Ras of the crime for which he was charged and convicted.
LEHAN, C.J., and PATTERSON, J., concur.
NOTES
[1] We recognize the difference between aiding a seller in the divestiture of a drug, as in Stephenson, Daudt, and Kickasola, and aiding a purchaser in the acquisition of a drug, as in the instant case, but conclude that neither situation encompasses aiding in the possession of the drug.
[2] Section 893.135, Florida Statutes (1987) provides:

893.135 Trafficking; mandatory sentences; suspension or reduction of sentences; conspiracy to engage in trafficking. 
(1) Except as authorized in this chapter or in chapter 499 and notwithstanding the provisions of s. 893.13:
... .
(b) Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine as described in s. 893.03(2)(a)4. or of any mixture containing cocaine is guilty of a felony of the first degree, which felony shall be known as "trafficking in cocaine." If the quantity involved:
1. Is 28 grams or more, but less than 200 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of 3 calendar years and to pay a fine of $50,000.
[3] Section 893.135(5), Florida Statutes (1987) provides:

Any person who agrees, conspires, combines, or confederates with another person to commit any act prohibited by subsection (1) is guilty of a felony of the first degree and is punishable as if he had actually committed such prohibited act. Nothing in this subsection shall be construed to prohibit separate convictions and sentences for a violation of this subsection and any violation of subsection (1).