684 So.2d 283 (1996)
E.A.M., a minor, Appellant,
v.
STATE Of Florida, Appellee.
No. 95-02644.
District Court of Appeal of Florida, Second District.
December 11, 1996.
James Marion Moorman, Public Defender, and Jennifer Y. Fogle, Assistant Public Defender, Bartow, for Appellant.
*284 Robert A. Butterworth, Attorney General, Tallahassee, and Tracy L. Martinell, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Judge.
E.A.M. appeals from an order of adjudication and disposition for possession of cannabis and argues that the state did not prove that he was in constructive possession of the marijuana. We agree and reverse.
On March 7, 1994, at 9:00 a.m., Tampa police officers were conducting "drug sale surveillance" in the area of 24th Street and Lake Avenue. Officer Collins saw a white female pull up to the intersection in a Suzuki jeep with three black male passengers. According to Officer Collins, the driver motioned to a known drug seller at the intersection. The known dealer walked over to the front passenger side of the jeep. A hand-to-hand transaction of currency for marijuana occurred between the dealer and the front-seat passenger. The jeep then drove off.
Officer Henry pulled the jeep over after following it for about one mile. The driver was asked to step out of the car first. Next, the front-seat passenger was asked to exit. The back-seat passengers were removed from the jeep individually, and E.A.M., who was seated in the right rear, was the third person to exit the jeep.
Officer Henry had E.A.M. walk to the rear of the jeep. Henry patted him down, and asked him if he had any marijuana, to which E.A.M. replied no. When Officer Henry looked in the back of the jeep, he noticed a couple of school books, a book bag on the seat, and in plain view a baggie of marijuana on the floorboard of the right rear of the car up by the front seat. Officer Henry did not see any marijuana on the floorboard at the time E.A.M. was asked to get out of the car, but the officer testified that it could have been obscured by E.A.M.'s feet.
E.A.M. correctly contends that the trial court should have granted his motion for judgment of acquittal because the state failed to prove that E.A.M. was in constructive possession of the marijuana. To establish constructive possession, the state must prove that the defendant "had dominion and control over the contraband, had knowledge that the contraband was within his presence, and had knowledge of the illicit nature of the contraband." Skelton v. State, 609 So.2d 716, 716-17 (Fla. 2d DCA 1992).
Here, the police found a baggie of marijuana on the right-rear floorboard, very near the front seat. E.A.M., who had been sitting in the right-rear passenger seat, was the third of four persons to exit the jeep. E.A.M.'s theory of defense was that the baggie belonged to the front-seat passenger or the other back-seat passenger who was the last to get out of the jeep. In the case of a jointly-occupied vehicle, knowledge and ability to control the contraband may not be inferred, but must be established by independent proof. Green v. State, 667 So.2d 208, 211 (Fla. 2d DCA 1995). While the state may argue that E.A.M. had knowledge of the marijuana based on the transaction between the street dealer and the front-seat passenger, there is no evidence that E.A.M. had dominion and control over the marijuana. See Ras v. State, 610 So.2d 24 (Fla. 2d DCA 1992) (while defendant knew of cocaine's presence, insufficient evidence to prove he had dominion and control over it). Thus, we reverse E.A.M.'s order of adjudication and disposition for possession of marijuana.
Reversed.
THREADGILL, C.J., and QUINCE, J., concur.