961 So.2d 1116 (2007)
Alexander D. WATSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-1740.
District Court of Appeal of Florida, Second District.
August 8, 2007.
James Marion Moorman, Public Defender, and Pamela H. Izakowitz, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Chief Judge.
A jury found Alexander Watson guilty of possession of a firearm or ammunition by a convicted felon. See § 790.23(1)(a), Fla. Stat. (2002). At trial, Watson moved for a judgment of acquittal on the ground that the State failed to prove that he constructively possessed the items. We agree that the evidence was insufficient to support Watson's conviction. We reverse with directions to discharge him.
According to the State's evidence at trial, two Fort Myers police officers were patrolling an apartment complex just after midnight and came upon a car parked in such a way that it blocked the thoroughfare. Watson was in the driver's seat and another man sat in the rear behind the front passenger seat. The officers decided *1117 to investigate why the car was oddly parked. They thought it might be disabled or that the occupants might require assistance.[1] One officer approached the car on the driver's side and the other walked to the passenger side. The officer on the passenger side immediately noticed a handgun on the front floorboard, protruding from under the passenger seat. Employing police code words, he alerted his fellow officer to the presence of the gun. The officers drew their weapons and ordered both occupants to step out of the car.
The officers searched the car and removed a .45 caliber handgun. They also discovered .22 caliber ammunition in the glove box and a shotgun, a rifle, and ammunition in the trunk. The evidence showed that the car was a rental. Watson said that he had borrowed it from his girlfriend.
Watson was not in actual possession of the guns or ammunition, so the State had to prove that he constructively possessed the items. See Hargrove v. State, 928 So.2d 1254, 1256 (Fla. 2d DCA 2006). To do so, the State had to show beyond a reasonable doubt that Watson knew of the presence of the illegal items and was able to exercise control over them. See id.; Downard v. State, 793 So.2d 83, 84-85 (Fla. 2d DCA 2001). Because Watson was in a jointly occupied vehicle, those elements could not be inferred from his mere proximity to the contraband but had to be shown by independent proof. Hargrove, 928 So.2d at 1256; K.A.K. v. State, 885 So.2d 405, 407 (Fla. 2d DCA 2004); Downard, 793 So.2d at 84.
We note that the State did not introduce any evidence to prove Watson had constructive possession of the contraband found in the trunk. On appeal, it does not contend that the conviction was based on Watson's possession of those items. We therefore focus on the evidence concerning the gun and ammunition found in the passenger compartment.
Although the handgun was somewhat hidden under the passenger seat, the officers testified that about three-quarters of its handle was visible. One of them opined that anyone sitting in the driver's seat would have been able to see the handle. Additionally, as Watson was being escorted to the patrol car, a bystander asked him why he was being arrested. Watson replied that the officers said there was a gun in the car. According to the police officers, he made this statement before he was told that his arrest pertained to a firearm. Thus, the State presented evidence from which Watson's knowledge of the firearm could be inferred independent of his proximity to it. Concerning the ammunition, however, the State presented no evidence that Watson knew of its presence in the glove compartment.
Even if the State's evidence was sufficient to prove that Watson knew about the gun, it offered no evidence to prove the control element other than Watson's mere proximity to it. The officers testified that the gun was closer to the driver than to the passenger-side door and that it was within the driver's reach. In Ras v. State, 610 So.2d 24 (Fla. 2d DCA 1992), we reversed a conviction based on constructive possession of drugs when the State presented evidence that the defendant knew of the presence of the contraband but failed to establish his control of it. We noted that "[b]ecause Ras did not have exclusive control of the area, it may not be *1118 inferred that he had control of the cocaine without other incriminating statements or circumstances which tend to support that inference." Id. at 25; see also Cruz v. State, 744 So.2d 568, 569 (Fla. 2d DCA 1999) (ruling that the State failed to prove the element of control when the only evidence on that point was that drug paraphernalia was found four to five inches from the convicted driver's foot); Smith v. State, 687 So.2d 875, 878 (Fla. 2d DCA 1997) (holding that constructive possession of a weapon in a jointly occupied car was not proven when no evidence such as fingerprints tied the defendant to the gun). Here, the State did not link the illegal items to Watson by fingerprints, by an admission, or by any other means.
The State failed to present the necessary independent proof that Watson had control over the firearm. As to the ammunition, the State failed to prove either that Watson knew of its presence or that he had control of it. Accordingly, we reverse his conviction for possession of a firearm or ammunition by a convicted felon.
Reversed and remanded with directions to discharge Watson.
ALTENBERND and LaROSE, JJ., Concur.
NOTES
[1] Watson filed a motion to suppress on the ground that the officers' stop of him was illegal. The circuit court denied his motion. He argues this issue on appeal, but we need not discuss it because of our resolution of Watson's other point.