997 So.2d 1262 (2009)
Mickey L. HORNE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-2261.
District Court of Appeal of Florida, Fourth District.
January 5, 2009.
*1264 Carey Haughwout, Public Defender, and John Pauly, Jr., Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
Defendant was charged with one count of burglary of a dwelling or structure with damage in excess of $1,000, one count of grand theft of an automobile, five counts of burglary of a dwelling, and four counts of grand theft. The charges were that he and a co-defendant burgled six homes during a two-day crime spree. We reverse multiple convictions for burglary and grand theft for lack of proof of essential elements of the crimes charged.
The owner of home # 1 testified that his home was burgled on November 14th. His front door had been pried open and a window cracked. His vehicle, a black Hummer, was taken. The Hummer was recovered several days later missing a $600 stereo and was damaged in the amount of $3,000. The owner failed to testify as to the amount of damage to his home and other personal property.
The owner of home # 2 testified that his Deerfield Beach home was burgled in the late morning hours of November 15th. The door had been pried open and personal property stolen. Some of the property was later recovered in the stolen Hummer of home owner # 1.
The owner of home # 3 testified that her Deerfield Beach home was burgled within the same time span on November 15th. The front door had been pried open and a credit card stolen. A neighbor saw a black Hummer occupied by two black men drive slowly by her home that morning.
The owner of home # 4 testified that her Deerfield Beach home was burgled within the same time span on November 15th. The door had been pried open and personal property stolen.
The owner of home # 5 testified that his Deerfield Beach home was burgled within the same time span on November 15th. The door had been pried open and personal property stolen.
A visitor at home # 6 testified that within the same time span on November 15th she was at her uncle's house and saw defendant and his co-defendant inside the house. The men fled when they saw her, taking an i-pod with them.
The State elicited testimony that each of the five homes burglarized on November 15th is located no more than 2-3 minutes by car from each other. In each, a "crowbar, screwdriver, [or] something like that" was used to pry open the door of the home.
The co-defendant testified that he and defendant broke into home # 1 and stole the Hummer. He also testified that they broke into one other house the next day.
Several days after the burglaries, police saw defendant and the co-defendant driving the stolen Hummer. Spying the police, the men jumped from the Hummer and fled. Police apprehended them later that day.
The jury found defendant guilty as charged of all counts.
Evidence is sufficient to sustain a conviction if, after viewing it in a light most favorable to the State, a jury could rationally find the elements of the crime proven beyond a reasonable doubt. Reynolds v. State, 934 So.2d 1128, 1145 (Fla. 2006). A motion for a judgment of acquittal admits not only the facts directly proven by the evidence adduced but all conclusions *1265 from which a jury might reasonably infer favorable to the State. Id. A motion for judgment of acquittal will not succeed unless the evidence is such that no view the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Id.
A special standard of review applies when a conviction is based wholly on circumstantial evidence. Where the sole proof of guilt lies in circumstantial evidence, no matter how strongly it suggests guilt there can be no conviction unless the evidence is inconsistent with every reasonable hypothesis of innocence. Darling v. State, 808 So.2d 145, 155 (Fla.2002). The State is required to introduce competent evidence inconsistent with defendant's theory of events. Reynolds, 934 So.2d at 1136; Darling, 808 So.2d at 155-56.
As to home # 1, the jury convicted defendant of burglary with damage in excess of $1,000. Section 810.02 defines burglary as a life felony if the burglary itself causes damages greater than $1,000. § 810.02(2)(c)2., Fla. Stat. (2005). The value of the damage is an element of the crime charged and must be proven beyond a reasonable doubt.
Here, the State presented evidence of damage to home # 1 but gave no proof as to the value of the damage. The State gave evidence that the Hummer sustained $3,000 in damage but offered no proof indicating that the damage occurred "within the dwelling or structure" as required by section 810.02(2)(c)(2). Because the State did not offer evidence of the value of the damage to the home, it follows that defendant's motion for judgment of acquittal on the charge of burglary of a dwelling or structure with damage in excess of $ 1,000 should have been granted. Accordingly we reverse defendant's conviction on that count and remand for the trial court to reduce the conviction on this count to second degree burglary of a dwelling and impose sentence accordingly.
Defendant also argues that there was insufficient evidence to convict him of the crimes involving homes #3, #4, and # 5. He argues that in these circumstantial evidence cases the State failed to present evidence inconsistent with his reasonable defense that someone else committed the crimes involving these homes.
The rule is well established that, in order to present a prima facie case, the State is required to prove each and every element of the offense charged beyond a reasonable doubt; when the State fails to meet this burden, the case should not be submitted to the jury and a judgment of acquittal should be granted. Baugh v. State, 961 So.2d 198, 203-04 (Fla.2007). Proof may be direct or circumstantial evidence. "Circumstantial evidence is proof of certain facts and circumstances from which the [jury] may infer that the ultimate facts in dispute existed or did not exist." Baugh, 961 So.2d at 203, n. 5.
Here, the State presented direct evidence that defendant committed the crimes involving homes #1, #2, and # 6. On the other hand, the State offered no direct evidence connecting defendant to the crimes involving homes #3, #4, and # 5. The State invited the jury to infer that it was defendant who committed these crimes because of the similarities among all cases charged.
The evidence with regards to the crimes involving homes #3, #4, and # 5 consists solely of common elements shared between all five of the November 15th crimes. This evidence is: all homes were entered within the same time span on the same day; all five were located within a few minutes of each other and the method of entry was the same. Also one witness saw two black *1266 men driving a Hummer near house # 3 within the common time span. The evidence as to the crimes involving homes # 3, # 4, and # 5 is wholly circumstantial. Therefore the special standard of review applies.
The defense is that someone else committed the crimes involving homes # 3, # 4, and # 5. The State failed to offer evidence inconsistent with this claim of innocence. Even the testimony that the witness saw two black men drive by in a Hummer fails to show that it was defendant who committed the crimes. The witness failed to identify defendant or the co-defendant as the men in the Hummer. Moreover, even if defendant were one of the two men in the Hummer, no evidence connects defendant to two other burglaries in the area in the same time span. Consequently, the trial court erred in denying defendant's motion for judgment of acquittal as to the crimes involving homes # 3, # 4, and # 5.
The conviction for Count 1, burglary of a dwelling or structure with damage in excess of $1,000, is reduced to simple burglary of a dwelling and shall be resentenced accordingly. The convictions for the crimes involving homes # 3, # 4, and # 5 are reversed with directions to enter judgments of acquittal.
KLEIN and DAMOORGIAN, JJ., concur.