[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 26, 2011
JOHN LEY
CLERK

_____

No. 10-10599

_____

D.C. Docket Nos. 0:02-cr-60093-KAM-1, 0:02-cr-60228-KAM-1

USA,

Plaintiff - Appellee,

versus

JERMON SHANNON, JR.,
a.k.a. Winfield Winchester Roye,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 26, 2011)

Before BARKETT and MARCUS, Circuit Judges, and RESTANI,[*] Judge.

BARKETT, Circuit Judge:

Winfield Winchester Roye appeals his 188-month sentence after pleading

_____

[*] Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

guilty to importing 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(b)(2)(B), and 18 U.S.C. § 2, and failing to appear for his arraignment, in violation of 18 U.S.C. § 3146. On appeal, Roye argues that the district court erred by sentencing him as a career offender under U.S.S.G. § 4B1.1 because his prior conviction for cocaine trafficking under Florida law did not constitute a "controlled substance offense" under § 4B1.2(b).[1]

A federal defendant is a career offender subject to an enhanced sentence where he, <u>inter alia</u>, "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A "controlled substance offense" is defined, in pertinent part, as a felony offense "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance, . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). Significantly, this definition does not include the act of purchase.

On the other hand, the Florida statute under which Roye was convicted does prohibit the act of purchase. That statute provides, in pertinent part: "Any person who knowingly sells, <u>purchases</u>, manufactures, delivers, or brings into this state,

_____

[1] "We review <u>de novo</u> a district court's decision to classify a defendant as a career offender under [U.S.S.G. §] 4B1.1." <u>United States v. Whitson</u>, 597 F.3d 1218, 1220 (11th Cir. 2010).

or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine . . . , commits a felony of the first degree, which felony shall be known as 'trafficking in cocaine[.]'" Fla. Stat. § 893.135(1)(b)1. (emphasis added).

In this case, the parties agree that because the district court was unable to determine the statutorily-prohibited act for which Roye was convicted, we must assume that his prior conviction involved only the purchase of cocaine. See Johnson v. United States, 130 S. Ct. 1265, 1269–70 (2010) (using the least prohibited act where the district court was unable to determine which aspect of the state statute the defendant violated). And because the act of purchase is not included in § 4B1.2(b), Roye argues that his prior conviction is not a "controlled substance offense."

We agree with Roye that the plain language of § 4B1.2(b) controls this case. As we have explained, our interpretation of the Sentencing Guidelines is governed by traditional rules of statutory construction, United States v. Perez, 366 F.3d 1178, 1182 (11th Cir. 2004), including the prohibition on rewriting statutes by adding or subtracting words. United States v. One 1990 Beechcraft, 619 F.3d 1275, 1278 (11th Cir. 2010). Applying that rule here plainly prohibits us from adding the word "purchase" to § 4B1.2(b). See Salinas v. United States, 547 U.S. 188 (2006) (holding that the defendant's prior drug conviction for simple

possession did not constitute a "controlled substance offense" because the plain language of § 4B1.2(b) requires that the prior conviction involve possession with intent to distribute); Young v. United States, 936 F.2d 533, 537 (11th Cir. 1991) (applying a similar rule of construction to the former definition of "controlled substance offense").

In an attempt to satisfy the plain language of § 4B1.2(b), the government asserts that the purchase of 28 grams or more of cocaine necessarily involves actual or constructive possession. However, we are bound by a state's determination of the elements of its own criminal statute, Johnson, 130 S. Ct. at 1269–70, and the Florida statute under which Roye was convicted facially distinguishes purchase from actual or constructive possession.[2] Indeed, the statute provides that "[a]ny person who knowingly . . . purchases . . . , or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine . . . , commits a felony of the first degree . . . ." Fla. Sta. § 893.135(1)(b)1. (emphasis added). By disregarding the statute's use of the disjunctive, the government's argument runs afoul of Florida's "elementary principle of statutory construction that significance and effect must be given to every word, phrase,

---

[2] The government's reliance on case law from other circuits interpreting non-Florida law is therefore inapposite.

sentence, and part of the statute if possible, and words in a statute should not be construed as mere surplusage." Mendenhall v. State, __ So. 3d __, 2010 WL 4237573, at *8 (Fla. Oct. 28, 2010) (citations omitted).

Moreover, Florida case law confirms that purchasing a distributable quantity of drugs does not necessarily give rise to actual or constructive possession. See Ras v. State, 610 So. 2d 24, 25–26 (Fla. Dist. Ct. App. 1992) (reversing conviction for cocaine trafficking by possession because, even though the evidence would have supported a conviction for trafficking by purchase, the defendant never had actual or constructive possession); Roberts v. State, 505 So. 2d 547, 548–50 (Fla. Dist. Ct. App. 1987) (reversing convictions for the possession of marijuana because, even though the defendants had purchased 28 pounds of marijuana, they never had actual or constructive possession).

Finally, the government emphasizes that, in light of the Florida statute's minimum weight requirement, we should infer that Roye's prior conviction involved an intent to distribute. See United States v. James, 430 F.3d 1150, 1154–55 (11th Cir. 2005). But that argument does little to satisfy the plain

language of § 4B1.2(b), which requires <u>possession</u> with intent to distribute, not <u>purchase</u> with intent to distribute.[3]

In sum, because we assume that Roye's prior conviction involved no more than purchase with intent to distribute, and this act is not included in § 4B1.2(b)'s definition, his prior conviction was not a "controlled substance offense." As with Congress, we presume that the Sentencing Commission "said what it meant and meant what it said." <u>United States v. Browne</u>, 505 F.3d 1229, 1250 (11th Cir. 2007) (citation omitted). And if it had meant to include the act of purchase (with intent to distribute) as a "controlled substance offense," it could have easily said as much. Because the Commission has said no such thing, we must conclude that the district court erred by sentencing Roye as a career offender. Accordingly, we vacate Roye's sentence and remand for further proceedings.

**VACATED AND REMANDED.**

---

[3] In <u>James</u>, we held that the same Florida statute under which Roye was convicted constituted a "serious drug offense" for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(A)(ii). 430 F.3d at 1153–56. Although the definitions of "controlled substance offense" and "serious drug offense" are similar, <u>James</u> is distinguishable because the defendant's prior conviction there involved possession with intent to distribute, <u>see id.</u> at 1152–56, whereas we assume here that Roye's conviction involved purchase with intent to distribute. The difference is critical because, while possession with intent to distribute is included in both definitions, purchase with intent to distribute is not.

MARCUS, Circuit Judge, specially concurring:

I concur in the majority's judgment and agree with its reasoning. It is clear that U.S.S.G. § 4B1.2(b)'s definition of "controlled substance offense" -- which includes the possession of a controlled substance with intent to distribute but not the purchase thereof -- and Florida case law interpreting Florida Statute § 893.135(1)(b) compel the result in this case -- namely, that Roye's conviction for trafficking in cocaine, which we must assume was for the purchase of 28 grams or more of cocaine, does not constitute a "controlled substance offense" justifying career offender status. I write separately to underscore the anomalous result we have reached and to highlight the importance of presenting to a sentencing court all relevant Shepard documents in cases, such as this one, where it is unclear from the face of the conviction which part of a disjunctive statute the defendant violated.

First, the result in this case clashes with the structure of Florida's three-tiered scheme for punishing drug offenses. As this Court explained in United States v. James, 430 F.3d 1150 (11th Cir. 2005):

> Florida . . . has a three-tiered scheme for punishing drug-related offenses. Under Florida law, those three tiers are the following: (1) possession of any amount of a controlled substance, Fla. Stat. § 893.13(6)(a); (2) possession with intent to distribute a controlled substance, § 893.13(1)(a); and (3) trafficking in cocaine by possession

7

of 28 grams or more of the drug, § 893.135(1)(b).[1] Under this third tier, trafficking in cocaine is further delineated according to the amount of drugs that the defendant possessed, and the sentence imposed increases accordingly.

Id. at 1154. We went on to point out that "drug trafficking is a more serious offense, and is punished more harshly, than either simple possession or possession with intent to distribute." Id. at 1155. In other words, Florida's three-tiered scheme structures drug offenses in ascending order of severity.

The result in this case, however, flies in the face of that continuum of severity. A violation of a second-tier offense would undoubtedly qualify as a "controlled substance offense," which includes possession with intent to distribute, and would thus justify the application of career offender status. On the other hand, a violation of a more serious, third-tier offense would not qualify as a "controlled substance offense" when, as in this case, that offense constitutes trafficking in cocaine by purchasing 28 grams or more of cocaine. The Sentencing Commission could not have intended so anomalous an outcome. However, the language of the career offender guideline is clear, and it omits from its definition of a "controlled substance offense" any reference to purchase.

---

[1] Although in James we only mentioned trafficking by possession, Florida's "trafficking in cocaine" statute can also be violated by selling, purchasing, manufacturing, delivering, or importing 28 grams or more of cocaine. See Fla. Stat. § 893.135(1)(b)1.

Second, if we had had before us all of the relevant Shepard documents in this case, we almost surely would have been able to determine conclusively which prong of Florida's "trafficking in cocaine" statute Roye violated.[2] I recognize that we generally follow a categorical approach in determining whether a prior conviction is a qualifying offense for sentencing enhancement purposes, United States v. Palomino Garcia, 606 F.3d 1317, 1336 (11th Cir. 2010), and thus "look only to the fact of conviction and the statutory definition of the prior offense," Taylor v. United States, 495 U.S. 575, 602 (1990). But when, as here, "the statutory language of the prior conviction encompasses some offenses that would satisfy the enhancement statute and others that would not," we apply a modified categorical approach. United States v. Breitweiser, 357 F.3d 1249, 1255 (11th Cir. 2004) (internal quotation marks and alteration omitted); see also Palomino Garcia, 606 F.3d at 1336. Under the modified categorical approach, we "may determine which statutory phrase was the basis for the conviction by consulting a narrow universe of 'Shepard documents' that includes any

_____

[2] In Shepard v. United States, 544 U.S. 13 (2005), the Supreme Court held that a sentencing court could examine only a limited category of documents in determining whether a prior guilty plea constituted a "burglary," and thus a "violent felony," under the Armed Career Criminal Act ("ACCA"). See id. at 16 ("[A] later court determining the character of an admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."). This Court has noted that, although Shepard was an ACCA case, its categorical approach applies to the determination of whether a prior conviction qualifies as a predicate offense for a sentencing enhancement under the Guidelines. See United States v. Palomino Garcia, 606 F.3d 1317, 1328 (11th Cir. 2010).

9

charging documents, the written plea agreement, the transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Palomino Garcia, 606 F.3d at 1337.

Because the Florida statute under which Roye was convicted encompasses some offenses that would qualify as a "controlled substance offense" -- such as the possession of 28 grams or more of cocaine -- and others that would not -- such as the purchase of that amount of cocaine -- we must follow the modified categorical approach. Even following this approach, however, the two Shepard documents the government submitted -- namely, the information and the plea agreement -- do not resolve the ambiguity in Roye's conviction. Count 1 of the information simply tracks the disjunctive language of Florida Statute § 893.135(1)(b) in stating that "[o]n March 26, 1996, [Roye] did unlawfully and knowingly sell, purchase, manufacture, deliver, or was knowingly in actual or constructive possession of more than More than [sic] 28 grams of Cocaine, a controlled substance defined in Section 893.03, contrary to Section 893.135."[3] DE 37-5. The plea agreement is equally uninformative, simply

_____

[3] Count 2 of the information charges Roye with possession of a controlled substance in violation of Florida Statute § 893.13(6)(a), which punishes the actual or constructive possession of a controlled substance but does not specify the quantity. See Fla. Stat. § 893.13(6)(a). Although Roye also pled no contest to this count, it is unclear from the limited information presented in this case whether the cocaine possessed for purposes of this simple possession charge is the same cocaine associated with the trafficking in cocaine charge.

10

stating that Roye pled no contest to "trafficking in [a] controlled substance." DE 37-3.

The transcript of the plea colloquy and any explicit factual findings by the trial judge have not been presented to this Court. The need for this data is highlighted by what is laid out in the presentence investigation report ("PSI"). In paragraph 56, the probation department recited the following purportedly salient facts surrounding the defendant's arrest:

> On March 26, 1996, law enforcement officers made contact with the defendant and several other individuals near a rented vehicle in a parking lot. During contact with the defendant, officers noticed him dropping a small tan object from his cupped hand and subsequently stood [sic] on the object. Further investigation revealed the substance was cocaine. A search of the vehicle, which was rented by the defendant, revealed ten grams of crack cocaine. A subsequent search of the defendant's motel room revealed an additional 43 grams of cocaine. The defendant was placed under arrest, handcuffed and transported to the police department. Upon arrival at the police department, officers noticed the defendant tampered with the springs in the car seat in an attempt to unlock his handcuffs.

PSI ¶ 56. Notably, the defendant objected to those facts, and the government presented nothing to substantiate them. The trial judge nevertheless appears to have adopted all of the facts contained in the PSI. In the face of a square factual objection, however, the government was obliged to prove the truth of the assertions contained in paragraph 56 by a preponderance of the evidence. United States v. Lawrence, 47

11

F.3d 1559, 1566 (11th Cir. 1995) ("When a defendant challenges one of the factual bases of his sentence as set forth in the PSR, the Government has the burden of establishing the disputed fact by a preponderance of the evidence."). And the failure to do so prevents the sentencing court from considering these claimed facts. See United States v. Agis-Meza, 99 F.3d 1052, 1055 (11th Cir. 1996) ("The preponderance of evidence is a relaxed evidentiary standard, however, it does not grant the court a license to sentence a defendant in the absence of sufficient evidence when that defendant has properly objected to a factual conclusion.").

The limited information provided by the two Shepard documents underscores how useful it would have been for the district court to have reviewed the transcript of the plea colloquy that took place when Roye pled no contest to trafficking in cocaine. This colloquy would almost surely have clarified whether Roye simply purchased 28 grams or more of cocaine or whether he actually or constructively possessed it. For some unexplained reason, the government did not submit this critical Shepard document.

The importance of fully understanding the factual basis underlying Roye's no contest plea is further underscored by the counterintuitive way in which Florida's courts have interpreted the purchase and possession prongs of Florida Statute § 893.135(1)(b). As the Guidelines provide, for a prior conviction to qualify as a

"controlled substance offense" justifying career offender status, that conviction must be for a felony offense "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b) (emphasis added). Because possession can be actual or constructive, the district court intuitively reasoned that when one purchases something, one necessarily possesses it, even if only constructively. Under Florida's penal code, however, that is not the case.

As the Supreme Court held in Johnson v. United States, 130 S. Ct. 1265 (2010), we are bound by the Florida Supreme Court's interpretation of the elements of its criminal statutes. Id. at 1269. In the absence of any Florida Supreme Court decision on point or of any persuasive indication that the Florida Supreme Court would decide the issue differently, however, we are bound to follow the decisions of Florida's intermediate appellate courts. See Galindo v. ARI Mut. Ins. Co., 203 F.3d 771, 775 (11th Cir. 2000).

In Ras v. State, 610 So.2d 24 (Fla. Dist. Ct. App. 1992), the Second District Court of Appeals made clear that violation of the purchase prong of Florida Statute § 893.135(1)(b) does not necessarily imply violation of that statute's possession prong. See id. at 26 ("An aider and abettor of a purchase does not necessarily aid and

13

abet the possession."). In other words, under Florida law, it is possible to purchase 28 grams or more of cocaine, as we must assume Roye did, without necessarily possessing the cocaine purchased. Although under federal law the result would likely have been different,[4] we are obliged to follow the Florida court's interpretation of its criminal statutes.

This case should serve as a lesson about the importance of placing before the sentencing court all relevant Shepard documents in cases, such as this one, where the statute of conviction is divisible -- that is, where the violation of some parts of the statute would qualify as predicate offenses for sentencing enhancement purposes, whereas the violation of other parts would not. In such cases, it is all the more important that these relevant documents be presented so that the modified categorical approach can serve its intended truth-seeking function by clarifying otherwise ambiguous convictions such as Roye's. In light of the few Shepard documents before

---

[4] See United States v. Tagg, 572 F.3d 1320, 1324 (11th Cir. 2009) (holding that sufficient evidence supported a federal conviction for aiding and abetting the unlawful possession of a firearm when there was evidence that the defendant had driven the ultimate possessors of the pipe bomb to a store, had purchased gunpowder for them with the understanding that they planned to use it to build pipe bombs, had observed the possessors build the pipe bombs in his garage using his tools, had seen the finished product, and had told the possessors to go light the pipe bombs somewhere else); 18 U.S.C. § 2(a) ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.").

us and the limited information presented, however, the odd result reached in this case is the correct one.

Accordingly, I concur.