VILLANTI, Judge.
Jerome Miller appeals his conviction for felon in possession of a firearm, contending that the trial court erred by denying his motion for judgment of acquittal. Because the State failed to prove that Miller was in either actual or constructive possession of the gun in question after he became a convicted felon, the State failed to establish a prima facie case of guilt. Therefore, we must reverse as a matter of law and remand for Miller’s discharge.
In its charging document, the State alleged that Miller was a felon in possession of a firearm “on or between 12/1/2008 through 05/12/2009.” Prior to trial, Miller stipulated that he was a convicted felon “[fjrom April 24, 2008[,] through May 12, 2009[,]” and that he did not have the right to own, possess, use, or receive a firearm at any time after April 24, 2008. Thus, the issues at trial were whether Miller had actual or constructive possession of the gun at issue and, if so, whether that possession occurred after April 24, 2008.
At trial, the State’s evidence showed that Miller, his sister, her boyfriend, and their infant moved into a two-bedroom apartment in early March 2009. The sister, her boyfriend, and their infant occupied one bedroom, and Miller occupied the other bedroom. On May 12, 2009, law enforcement contacted Miller at the apartment in the early afternoon; however, no search was performed at that time and no one saw Miller in possession of a gun. Six hours later, the police returned to Miller’s apartment with a lawful search warrant.[1] As the police were serving the warrant, Miller told them that they were free to search “his room.” Nevertheless, the police searched the entire apartment pursuant to the warrant and found a handgun between the mattress and box spring in the room occupied by Miller’s sister, her boyfriend, and their infant. DNA found on the handgrip of the gun was determined to be a mix of Miller’s DNA and that of an unidentified female, with Miller being the “major contributor.” Kevin Nof-finger, the director of DNA Labs International, testified that “generally ” the “major contributor” to a DNA sample on an object would be the last person to have touched that object, but he could not say that this was “an absolute.” Noffinger admitted that someone else could have touched the gun at issue in this case after *500 the “major contributor” touched it and that this second person could simply not have left any detectable DNA. Noffinger also testified that there was no way to determine from the existence of the DNA itself when the DNA was deposited or how long it had been on the gun.
At the close of the State’s case, Miller moved for a judgment of acquittal, arguing that the State had not proved that he had either actual or constructive possession of the gun after April 24, 2008. He argued that the State failed to prove constructive possession because the gun was located in a room other than his in a jointly occupied apartment, the gun was not in plain view, and there was no independent evidence that he knew that the gun existed or that he had any level of control over it. And although Miller admitted that there was evidence of his actual possession of the gun in the form of his DNA on the grip, he argued that there was no evidence that he possessed the gun and left the DNA after April 24, 2008, when he became a convicted felon.
In response, the State argued that it was clear from the evidence that the gun was placed under the mattress some time after March 1, 2009, when Miller, his sister, her boyfriend, and the infant moved into the apartment. The State argued that the date of the move proved that the gun was placed under the mattress after April 24, 2008, when Miller became a convicted felon. On the issue of whether Miller placed the gun under the mattress and thus had possession of it, the State argued that the jury could infer from Miller’s statement giving police permission to search “his room” — rather than the entire apartment — that Miller had moved the gun from his bedroom to his sister’s bedroom during the six hours it took police to obtain the warrant and that his DNA was deposited on the gun during that time. Based on these arguments, the trial court denied the motion for judgment of acquittal, which Miller now contends was error.
To survive Miller’s motion for judgment of acquittal on the charge of felon in possession of a firearm, the State had to present prima facie evidence to show that Miller either actually or constructively possessed the gun in question after April 24, 2008, when he became a convicted felon. See, e.g., State v. Law, 559 So.2d 187, 188 (Fla.1989) (setting out the requirement that the State present evidence to support a prima facie case in order to survive a motion for judgment of acquittal). The question for the trial court when considering Miller’s motion was whether the State’s evidence was legally adequate to permit the jury to return a guilty verdict. See, e.g., Fergien v. State, 79 So.3d 907, 908 (Fla. 2d DCA 2012); Geibel v. State, 817 So.2d 1042, 1044 (Fla. 2d DCA 2002).
On the issue of constructive possession, the State had to prove beyond a reasonable doubt that Miller knew of the presence of the gun and had the ability to exercise control over it. See, e.g., Watson v. State, 961 So.2d 1116, 1117 (Fla. 2d DCA 2007). Further, because the apartment was jointly occupied and the gun was not in plain view, Miller’s knowledge of and control over the gun could not be inferred from any alleged proximity to the gun but instead had to be established by independent proof. Id. Such proof could have been in the form of incriminating statements or other evidence that would tend to support the inference that Miller had knowledge of and control over the gun. See Evans v. State, 26 So.3d 85, 89 (Fla. 2d DCA 2010); Ras v. State, 610 So.2d 24, 25 (Fla. 2d DCA 1992).
Here, the State failed to meet this burden. The gun was found hidden between a mattress and box spring in the bedroom occupied by Miller’s sister, her *501 boyfriend, and their infant. While the State presented DNA evidence that established that Miller had touched the gun at some undetermined point in the past, it presented no evidence whatsoever to establish that Miller knew that the gun was between the mattress and box spring in his sister’s room on May 12, 2009, or that he had the ability to exercise any control over the gun at that time. Further, the State presented no incriminating statements by Miller or any other evidence that would tend to show that he had knowledge of the location of the gun and the ability to exercise control over it. Contrary to the State’s argument, Miller’s statement that the police were free to search his room is not an incriminating statement, and this statement, standing alone, does not support an inference that Miller was intentionally directing the police to his room because he knew the gun was in the other room. Indeed, it more likely reflects that Miller did not have permission to authorize a search of his sister’s bedroom. Thus, the State’s evidence did not establish a prima facie case that Miller constructively possessed the gun, and Miller was entitled to a judgment of acquittal on this theory.
On the issue of actual possession, the State did present some direct evidence that Miller had previously had actual possession of the gun. However, unlike in the more common case of possession of an illegal substance, the time element of the State’s case against Miller was critical because Miller’s possession of the gun was not illegal until after April 24, 2008. Thus, the State’s DNA evidence, which proved Miller’s actual possession of the gun, established only part of the State’s prima facie case, and the only evidence of when Miller possessed the gun — whether it was before April 24, 2008, or after — is entirely circumstantial.
When the State’s proof of one or more elements of an offense depends entirely on circumstantial evidence, a motion for judgment of acquittal should be granted “if the [S]tate fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt.” Law, 559 So.2d at 188; see also Ginn v. State, 26 So.3d 706, 710 (Fla. 2d DCA 2010). The trial court’s function when considering a motion for judgment of acquittal in a circumstantial evidence case “is to determine whether there is prima facie inconsistency between (a) the evidence, viewed in the light most favorable to the State[,] and (b) the defense theory or theories.” Orme v. State, 677 So.2d 258, 262 (Fla.1996) (emphasis added). Hence, the State must introduce competent evidence that is inconsistent with or contradicts the defendant’s theory of events. Ginn, 26 So.3d at 710. “[T]he State cannot defeat a motion for judgment of acquittal when it accepts the defendant’s uncontradicted theory of the facts and simply argues that a competing theory is equally reasonable.” Id. at 711.
At trial, Miller’s theory of the facts was that he touched the gun before April 24, 2008, leaving his DNA at that time. He asserted that someone else must have placed the gun in his sister’s room between her mattress and box spring after March 1, 2009, and that that person was either the “minor contributor” to the DNA found on the gun or did not leave any DNA at all. This theory is fully supported by the testimony of the State’s expert witness, Noffinger.
In contrast, the State’s theory was that Miller had multiple opportunities to possess the gun after April 24, 2008, and that the jury should have been allowed to determine that he did so because “generally” — although not absolutely — the last person to touch the gun would have been the *502 “major contributor” of any DNA found on it. This theory, however, ignores the State’s own evidence that someone could have touched the gun after the “major contributor” and simply left no detectable DNA. Moreover, the State’s expert clearly testified that there was no way to determine from the mere presence of DNA on the gun when it was deposited. Thus, while the State presented a theory that was inconsistent with Miller’s theory, it did not present any evidence that was inconsistent with Miller’s theory. And “[c]ir-cumstantial evidence which leaves uncertain several hypotheses, any one of which may be sound and some of which may be entirely consistent with innocence, is not adequate to sustain a verdict of guilt.” Davis v. State, 90 So.2d 629, 632 (Fla.1956). Here, the State’s circumstantial evidence as to when the DNA was left on the gun generated hypotheses that were equally consistent with Miller’s innocence as with his guilt. Accordingly, the State failed to prove its prima facie case of actual possession, and Miller was entitled to a judgment of acquittal on that theory as well.
In sum, the State failed to present sufficient evidence that was legally adequate to support a guilty verdict of either actual or constructive possession. We must therefore reverse Miller’s conviction as a matter of law and remand for Miller’s discharge on this offense.
Reversed and remanded for discharge.
WALLACE and MORRIS, JJ., Concur.

. The basis for the issuance of the search warrant is irrelevant to our resolution of this case, and the State presented no evidence at trial to explain its issuance.