COHEN, J.
 

 The State appeals the trial court’s order suppressing statements Appellee, Hervey Owens, made to law enforcement officers. We reverse.
 

 Owens was charged with two counts of lewd and lascivious battery, one count of lewd or lascivious molestation, and one count of possession of a firearm by a convicted felon. Prior to his interview with law enforcement, Owens was read the following:
 

 You have the right to remain silent; do you understand?
 

 Anything you say may be used against you in court; do you understand?
 

 You have a right to talk to a lawyer before and during questioning; do you understand?
 

 If you cannot afford a lawyer and want one, one will be provided for you before questioning, without charge; do you understand?
 

 Owens responded affirmatively to each question. He also acknowledged that no one had threatened him or promised him anything to induce a confession.
 

 The trial court, relying upon
 
 State v. Powell,
 
 998 So.2d 531 (Fla.2008), granted the motion to suppress. During the pen-dency of this appeal, that decision was reversed by the United States Supreme Court in
 
 Florida v. Powell,
 
 — U.S.-, 130 S.Ct. 1195, — L.Ed.2d - (2010),
 
 *353
 
 which held that Miranda
 
 [1]
 
 is satisfied when a suspect is informed he has “the right to talk to a lawyer before answering any of [the law enforcement officers’] questions,” and that he can invoke this right “at any time ... during th[e] interview.” The Court explained:
 

 In determining whether police officers adequately conveyed the four warnings, we have said, reviewing courts are not required to examine the words employed “as if construing a will or defining the terms of an easement. The inquiry is simply whether the warnings reasonably ‘eonve[y] to [a suspect] his rights as required by
 
 Miranda.’
 
 ” (citations omitted).
 

 Id.
 
 at 1204.
 

 In this case, the
 
 Miranda
 
 warning given to Owens sufficiently parallels the standard warnings given by the Federal Bureau of Investigation quoted, in pertinent part, and described as “exemplary” in
 
 Powell:
 
 “You have the right to talk to a lawyer for advice before we ask you any questions. You have the right to have a lawyer with you during questioning.”
 
 Id.
 
 at 1206.
 

 Since
 
 Powell,
 
 the Florida Supreme Court specifically rejected the argument that a
 
 Miranda
 
 warning was deficient because it failed to advise of “the right to appointed counsel both before and
 
 during
 
 the interrogation.”
 
 Miller v. State,
 
 42 So.3d 204 (Fla.2010).
 

 The warnings given Owens satisfy
 
 Miranda.
 

 REVERSED.
 

 MONACO, C.J., and PALMER, J., concur.
 

 [1]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).