PER CURIAM.
This case comes before this Court on remand from the decision of the United States Supreme Court in Florida v. Powell, - U.S. -, 130 S.Ct. 1195, 175 L.Ed.2d 1009 (2010). The issue presented concerns the scope of the pre-interrogation warnings required by the Fifth Amendment to the United States Constitution, as described in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and by article I, section 9 of the Florida Constitution, as described in Traylor v. State, 596 So.2d 957 (Fla.1992). After giving due consideration to the Supreme Court’s decision in Powell, we find that the warnings given in this case adequately advised the respondent of his rights under the United States and Florida Constitutions.
STATEMENT OF THE CASE
Previously, in State v. Powell, 998 So.2d 531 (Fla.2008), we upheld a decision of the Second District Court of Appeal reversing respondent Kevin Powell’s conviction for possession of a firearm by a felon. The factual predicate for the conviction took place on August 10, 2004, when police officers discovered a nine-millimeter handgun after arriving at a residence to investigate the respondent. Powell was arrested and transported to police headquarters, where he was given the following warnings:
You have the right to remain silent. If you give up the right to remain silent, anything you say can be used against you in court. You have the right to talk to a lawyer before answering any of our questions. If you cannot afford to hire a lawyer, one will be appointed for you without cost and before any questioning. You have the right to use any of these rights at any time you want during this interview.
Id. at 532. Powell agreed to talk to the officers and subsequently made incriminating statements during the interrogation. See id. At trial, Powell’s counsel objected to the introduction of the statements into evidence, arguing that the warnings were deficient because they did not expressly state that Powell had the right to have an attorney present during questioning. The trial court overruled the objection and admitted the statements. Powell was convicted by the jury and sentenced to ten years in prison. See id. at 532-33.
On appeal, the Second District Court of Appeal reversed the conviction, holding that the warnings were inadequate under both the Fifth Amendment and article I, section 9. See Powell v. State, 969 So.2d 1060, 1061 (Fla. 2d DCA 2007), approved, 998 So.2d 531 (Fla.2008). The district court reasoned that to advise a suspect that he “has the right ‘to talk to a lawyer *907 before answering ... any of our questions’ constitutes a narrower and less functional warning than that required by Miranda.” Id. at 1064. However, the Second District certified the following question to this Court as a matter of great public importance:
DOES THE FAILURE TO PROVIDE EXPRESS ADVICE OF THE RIGHT TO THE PRESENCE OF COUNSEL DURING QUESTIONING VITIATE MIRANDA WARNINGS WHICH ADVISE OF BOTH (A) THE RIGHT TO TALK TO A LAWYER “BEFORE QUESTIONING” AND (B) THE “RIGHT TO USE” THE RIGHT TO CONSULT A LAWYER “AT ANY TIME” DURING QUESTIONING?
Id. at 1067-68.
This Court granted discretionary review,[1] answered the certified question in the affirmative, and approved the decision of the Second District. See Powell, 998 So.2d at 532. In our decision, we agreed with the Second District that the warnings were deficient and that the trial court had erred in admitting Powell’s statements into evidence. See id. at 542. This Court first discussed the contours of the privilege against self-incrimination as afforded by both federal and Florida law. With regard to the requirements of the United States Constitution, we explained that the United States Supreme Court has held that the following warnings are required to ensure that any statement obtained during a custodial interrogation complies with the federal privilege against self-incrimination afforded by the Fifth Amendment:
[A suspect] must be warned prior to any questioning [1] that he has the right to remain silent, [2] that anything he says can be used against him in a court of law, [3] that he has the right to the presence of an attorney, and [4] that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.
Id. at 534 (quoting Miranda, 384 U.S. at 479, 86 S.Ct. 1602).
With regard to the requirements of Florida law, we explained that similar warnings are required by the self-incrimination clause of article I, section 9 of the Florida Constitution. Under article I, section 9, suspects must be informed:
[1] that they have a right to remain silent, [2] that anything they say will be used against them in court, [3] that they have a right to a lawyer’s help, and [4] that if they cannot pay for a lawyer one will be appointed to help them.
Powell, 998 So.2d at 535 (footnote omitted) (quoting Traylor, 596 So.2d at 966). We noted that the right to a lawyer’s help means that “the suspect has the right to consult with a lawyer before being interrogated and to have the lawyer present during interrogation.” Id. at 535 n. 2 (quoting Traylor, 596 So.2d at 966 n. 13). For the purposes of our decision on remand, however, we observe here that, “[t]hough our analysis in Traylor was grounded in the Florida Constitution, our conclusions were no different than those set forth in prior holdings of the United States Supreme Court.” State v. Owen, 696 So.2d 715, 719 (Fla.1997).
After evaluating the specific pre-interro-gation warnings that were read to Powell, we agreed with the Second District that the warnings were deficient. Our analysis focused on two portions of the warnings that were read by the interrogating officers. First, Powell was informed: “You have the right to talk to a lawyer before answering any of our questions.” Powell, 998 So.2d at 540. Second, a catch-all statement was included at the end of the warnings, which stated: “You have the *908 right to use any of these rights at any time you want during this interview.” Id.
We determined that the Miranda rights as they were described to Powell did not advise him of his right to have an attorney present during questioning. See id. With regard to the first portion of the warning, we found the statement misleading because Powell was informed only that he had the right to speak with an attorney before answering any questions. We stated: “The ‘before questioning’ warning suggests to a reasonable person in the suspect’s shoes that he or she can only consult with an attorney before questioning; there is nothing in that statement that suggests the attorney can be present during the actual questioning.” Id. at 541.
We also concluded that the final statement, informing Powell of his right to use his rights “at any time ... during this interview” did not cure the deficiency:
The Second District ... found that language could not cure the deficiency because Powell was never unequivocally informed that he had the right to have an attorney present at all times during his custodial interrogation. See Powell, 969 So.2d at 1067. We agree with the Second District and hold that Powell should have been clearly informed of his right to the presence of counsel during the custodial interrogation. The catchall language did not effectively convey to Powell his right to the presence of counsel before and during police questioning. This last sentence could not effectively convey a right the defendant was never told he had. In other words, how can a defendant exercise at any time during an interrogation a right he did not know existed? The catch-all phrase did not supply the missing warning of the right to have counsel present during police questioning because a right that has never been expressed cannot be reiterated.
Id. Thus, we agreed with the Second District that the warnings were deficient. After finding that the admission of the statements was not harmless beyond a reasonable doubt, we upheld the district court’s decision. See id. at 541-42.
The United States Supreme Court subsequently granted certiorari and reversed this Court’s decision. See Florida v. Powell, — U.S. -, 130 S.Ct. 1195, 175 L.Ed.2d 1009 (2010). The High Court first addressed the issue of its jurisdiction to decide the case. In Coleman v. Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the High Court explained that it would not “review a question of federal law decided by a state court if the decision ... rests on a state law ground that is independent of the federal question and adequate to support the judgment.” However,
when ... a state court decision fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion, we will accept as the most reasonable explanation that the state court decided the case the way it did because it believed that federal law required it to do so.
Michigan v. Long, 463 U.S. 1032, 1040-41, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). Applying these principles to this Court’s decision in Powell, the Supreme Court found that although this Court had invoked Florida’s Constitution and precedent in addition to federal law, the decision “treated state and federal law as interchangeable and interwoven” and “at no point expressly asserted that state-law sources gave Powell rights distinct from, or broader than, those delineated in Miranda.” Powell, 130 S.Ct. at 1202 (citing Long, 463 U.S. at 1044, 103 S.Ct. 3469). Accordingly, the *909 High Court determined that it had jurisdiction to resolve the question of federal law. See id. at 1203.
Turning to the sufficiency of the warnings, the Court explained that when reviewing the adequacy of Miranda warnings, “[t]he inquiry is simply whether the warnings reasonably ‘conve[y] to [a suspect] his rights as required by Miranda.’ ” Id. at 1204 (quoting Duckworth v. Eagan, 492 U.S. 195, 203, 109 S.Ct. 2875, 106 L.Ed.2d 166 (1989)). With regard to the specific warnings that were given to Powell, the High Court disagreed with our conclusion that Powell was not warned of his right to an attorney:
The Tampa officers did not “entirely omi[t],” any information Miranda required them to impart. They informed Powell that he had “the right to talk to a lawyer before answering any of [their] questions” and “the right to use any of [his] rights at any time [he] want[ed] during th[e] interview.” The first statement communicated that Powell could consult with a lawyer before answering any particular question, and the second statement confirmed that he could exercise that right while the interrogation was underway. In combination, the two warnings reasonably conveyed Powell’s right to have an attorney present, not only at the outset of interrogation, but at all times.
To reach the opposite conclusion, i.e., that the attorney would not be present throughout the interrogation, the suspect would have to imagine an unlikely scenario: To consult counsel, he would be obliged to exit and reenter the interrogation room between each query. A reasonable suspect in a custodial setting who has just been read his rights, we believe, would not come to the counter-intuitive conclusion that he is obligated, or allowed, to hop in and out of the holding area to seek his attorney’s advice. Instead, the suspect would likely assume that he must stay put in the interrogation room and that his lawyer would be there with him the entire time.
The Florida Supreme Court found the warning misleading because it believed the temporal language — that Powell could “talk to a lawyer before answering any of [the officers’] questions” — suggested Powell could consult with an attorney only before the interrogation started. In context, however, the term “before” merely conveyed when Powell’s right to an attorney became effective— namely, before he answered any questions at all. Nothing in the words used indicated that counsel’s presence would be restricted after the questioning commenced. Instead, the warning communicated that the right to counsel carried forward to and through the interrogation: Powell could seek his attorney’s advice before responding to “any of [the officers’] questions” and “at any time ... during th[e] interview.” Although the warnings were not the clearest possible formulation of Miranda’s right-to-counsel advisement, they were sufficiently comprehensive and comprehensible when given a commonsense reading.
Powell, 130 S.Ct. at 1204-05 (footnotes and citations omitted) (alterations in original). The High Court therefore reversed the judgment of this Court and remanded for further proceedings not inconsistent with its opinion. See id. at 1206.
The Supreme Court’s decision leaves no doubt that, contrary to our original analysis, the warnings sufficiently advised Powell of his right to have an attorney present during questioning, as required by Miranda, and did not violate the requirements of the United States Constitution. On remand, Powell asks this Court to again hold that the warnings were deficient on the ground that the warnings, while sufficient under the *910 Fifth Amendment, nonetheless failed to meet the requirements of article I, section 9 of the Florida Constitution, as described in Traylor. The Supreme Court acknowledged in its opinion that individual state constitutions may provide greater protections than the federal Constitution. See Powell, 130 S.Ct. at 1203 (“Nothing in our decision today, we emphasize, trenches on the Florida Supreme Court’s authority to impose, based on the State’s Constitution, any additional protections against coerced confessions it deems appropriate.”). Thus, pursuant to basic federalist principles, this Court retains the authority to again uphold the decision of the Second District if we find that the warnings were deficient under the Florida Constitution.
As we have previously explained, however, our conclusions in Traylor “were no different than those set forth in prior holdings of the United States Supreme Court.” Owen, 696 So.2d at 719. Moreover, we find no basis for concluding that different pre-interrogation warnings are required by the Florida Constitution than are required by the Fifth Amendment. Because the United States Supreme Court has determined that the warnings sufficiently conveyed the right to the presence of counsel as required by the Federal Constitution, we find that the warnings were likewise sufficient under the Florida Constitution. Accordingly, we now conclude that the trial court did not err in admitting Powell’s post-Miranda statements into evidence.
CONCLUSION
In light of the decision of the United States Supreme Court reversing our original decision, we hold that the Miranda warnings at issue in this case sufficiently advised the respondent of his rights as required by the Fifth Amendment to the United States Constitution and article I, section 9 of the Florida Constitution. Therefore, we now answer the certified question in the negative, quash the decision of the Second District, and remand this case to the district court for further proceedings not inconsistent with this opinion.
It is so ordered.
LEWIS, POLSTON, LABARGA, and PERRY, JJ., concur.
PARIENTE, J., dissents with an opinion, in which QUINCE, J., concurs.
QUINCE, J., dissents with an opinion, in which PARIENTE, J., concurs.
CANADY, C.J., recused.

. See art. V, § 3(b)(4), Fla. Const.