JACOBUS, J.
This is an appeal by the State of Florida challenging the trial court’s order suppressing incriminating statements made by the defendant below, Scott Coleman. We reverse.
*583 In granting suppression, the trial court found that the Miranda[1] warning read to Coleman was defective under State v. Powell, 998 So.2d 531 (Fla.2008), since it did not specifically advise Coleman that he had the right to speak with an attorney during police questioning. However, some months after the trial court’s decision in this case, the United States Supreme Court reversed the Florida Supreme Court’s decision in Powell. See Florida v. Powell, -U.S.-, 130 S.Ct. 1195, 175 L.Ed.2d 1009 (2010). In doing so, the Supreme Court held that a Miranda warning is sufficient so long as it reasonably conveys the required information to the suspect. Id. at 1204.
We believe that the warning form read to Coleman in this case adequately conveyed his Miranda rights. Relevant to the issue before us, the form advised Coleman that he had the right to speak with an attorney before talking with law enforcement; that if he could not afford an attorney, one would be appointed before questioning; and that he could, at any time, exercise these rights and decline to answer any questions or make any statements. In combination, these warnings reasonably conveyed to Coleman that he had the right to have an attorney present at the outset of the interrogation and at all times. The warning as a whole was therefore sufficient under the Supreme Court’s decision in Powell. See id. at 1205; State v. Powell, 66 So.3d 905, 2011 WL 2374612 (Fla. 2011); see also Rigterink v. State, 66 So.3d 866, 2011 WL 2374188 (Fla.2011).
Accordingly, we reverse the order of suppression and remand the cause for further proceedings.[2] See State v. Owens, 41 So.3d 352 (Fla. 5th DCA 2010).
REVERSED and REMANDED.
GRIFFIN and COHEN, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. In arguing for affirmance, Coleman contends the arrest warrant was procured pretex-tually and in bad faith. We reject this argument without comment, except to note that the trial court’s finding that there was no bad faith by law enforcement is supported by the record. State v. Shuttleworth, 927 So.2d 975, 979 (Fla. 2d DCA 2006).