PER CURIAM.
 

 ON REMAND
 

 In August, 2008, this court reversed a trial court order suppressing certain statements made by Modeste during custodial interrogation.
 
 See State v. Modeste,
 
 987 So.2d 787 (Fla. 5th DCA 2008)
 
 (Miranda
 
 warning provided to defendant was not inadequate because it did not expressly advise suspect that right to counsel included the right to have counsel present dur
 
 *387
 
 ing interrogation). Our decision was quashed by the Florida Supreme Court in light of its decision in
 
 State v. Powell,
 
 998 So.2d 581 (Fla.2008).
 
 See Modeste v. State,
 
 4 So.3d 1217 (Fla.2009). When the United States Supreme Court accepted review of the Florida Supreme Court’s decision in
 
 Powell,
 
 this court entered an order holding the instant case in abeyance pending disposition of
 
 Florida v. Powell
 
 in the United States Supreme Court.
 

 The United States Supreme Court subsequently reversed the Florida Supreme Court, determining that the warnings given to Powell did not violate the principles espoused in
 
 Miranda.
 

 [1]
 

 Florida v. Powell,
 
 — U.S. -, 130 S.Ct. 1195, 175 L.Ed.2d 1009 (2010). On remand, the Florida Supreme Court additionally determined that the warnings given to Powell did not violate the right against self-incrimination clause set forth in Article I, section 9 of the Florida Constitution.
 
 State v. Powell,
 
 66 So.3d 905, 2011 WL 2374612 (Fla.2011).
 

 Accordingly, we reverse the trial court’s order granting Modeste’s motion to suppress and direct the trial court to reconsider its decision in light of
 
 Florida v. Powell,
 
 — U.S. -, 130 S.Ct. 1195, 175 L.Ed.2d 1009 (2010) and
 
 State v. Powell,
 
 66 So.3d 905, 2011 WL 2374612 (Fla.2011). The trial court may, in its discretion, afford the parties an opportunity to present additional evidence on the motion to suppress.
 

 REVERSED and REMANDED.
 

 ORFINGER, C.J., GRIFFIN and EVANDER, JJ., concur.
 

 [1]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).