HALL, Judge.
Jackie Lee Harrison appeals his conviction of possession of a firearm by a convicted felon. Appellant submits that the state failed to prove the corpus delicti of the crime charged and obtained its conviction solely upon appellant’s confession. We agree and accordingly reverse.
Appellant and a companion were apprehended subsequent to an aborted robbery of a gas/convenience store. Testimony of the attendant and her daughter-in-law placed appellant in the area of the convenience store just hours before the attempted robbery. The daughter-in-law of the attendant reported later observing a masked individual approach the building. She immediately reentered the station and called her mother-in-law. The two then went outside and saw a large brown or burgundy car driving away.
The police were notified and given a description of the vehicle, which they shortly thereafter discovered abandoned on the roadside not too far from the convenience store. They encountered appellant nearby, issued Miranda warnings to him, and questioned him as to his knowledge of the attempted robbery. Appellant responded that his partner had fled northward with a gun. Police subsequently apprehended appellant’s partner running through a nearby orange grove, carrying a .38 revolver.
Several hours later the police investigator interviewed appellant at his residence. Appellant, after having been advised of his Miranda rights, gave the investigator a statement in which he admitted he had a gun at the time he attempted the robbery. Prior to this point in time there was no evidence presented that appellant ever possessed a gun.
Apart from appellant’s confession, there was no proof of his actual or constructive possession of a firearm. None of the state witnesses observed appellant in possession of a gun. Appellant’s partner, Johnston, did not testify, and the arresting officer did not find any firearms on appellant’s person.
Before a defendant’s confession can be admitted into evidence, the state must prove by substantial evidence the corpus delecti of the crime independent of the statement. State v. Hepburn, 460 So.2d 422 (Fla. 5th DCA 1984); Ruiz v. State, 388 So.2d 610 (Fla. 3d DCA 1980), petition for review denied, 392 So.2d 1380 (Fla.1981); Stone v. State, 378 So.2d 765 (Fla.1980).
It is clear that the result below is precisely what the corpus delecti doctriné prohibits, i.e., a conviction solely based on appellant’s confession. Ruiz v. State.
Accordingly, appellant’s conviction and sentence for possession of a firearm by a convicted felon must be reversed.
RYDER, C.J., and SCHOONOVER, J., concur.