948 So.2d 935 (2007)
STATE of Florida, Appellant,
v.
Kurt HOLZBACHER, Appellee.
No. 2D06-463.
District Court of Appeal of Florida, Second District.
February 16, 2007.
*936 Bill McCollum, Attorney General, Tallahassee, and Deborah Fraim Hogge, Assistant Attorney General, Tampa, for Appellant.
Lynda B. Barack of Lynda B. Barack, P.L., Tampa, for Appellee.
WHATLEY, Judge.
The State appeals the order granting Kurt Holzbacher's pretrial motion in limine to suppress his confession for the charge of possession of a controlled substance in violation of section 893.13(6)(a), Florida Statutes (2004).[1] Holzbacher argued in his motion that the State would be unable to introduce his confession at trial because the State would be unable to establish the corpus delicti of this offense. We reverse.
This case involves possession of the controlled substance testosterone nandrolone decanoate ("deca"), a drug that can be lawfully possessed with a prescription but that is commonly and illegally possessed without a prescription by performance athletes and bodybuilders. See §§ 893.03(3)(d), .13(6)(a), Fla. Stat. (2004). The drugs were found in a car that apparently was owned by a young woman and her former boyfriend. The sheriff's investigation did not suggest that either of them had placed the drugs in this car. For reasons not explained in the record, the focus turned to Holzbacher, who was a former boyfriend of the young woman and who had been driving the car about a week before the drugs were found.
Holzbacher agreed to speak to a deputy. He told the deputy that he paid $180 for the deca, which he intended to use for body building, and he placed it, syringes, and a cell phone in a paper bag in the car. He knew deca was a controlled substance. Accordingly, he was charged with this offense.
This case is procedurally a little unusual because the issue of corpus delicti *937 was not raised at trial, but by pretrial motion. At the hearing on his motion in limine, Holzbacher argued that his confession should not be admissible at trial because the corpus delicti of the charged offense would not be provable at trial.
Florida law requires that the corpus delicti be established independently of any confession before the confession is admitted into evidence. In order to prove corpus delicti, the State must establish: (1) that a crime of the type charged was committed; and (2) that the crime was committed through the criminal agency of another. In regard to the first partthat a crime was committed each element of the relevant offense must be shown to exist. With respect to the second partthe criminal agency of anotherthe proof need not show the specific identity of the person who committed the crime. That is, it is not necessary to prove that the crime was committed by the defendant.
Franqui v. State, 699 So.2d 1312, 1317 (Fla.1997) (citations omitted). "[I]t is enough if the evidence tends to show that the crime was committed." Frazier v. State, 107 So.2d 16, 26 (Fla.1958).
The evidence presented by Holzbacher at the hearing on his motion is probably different than the evidence that will ultimately be presented at trial. The young woman who owns the car did not testify at this hearing. The evidence at the hearing consisted of the testimony of the young woman's former boyfriend and her mother, and the written report of the deputy sheriff. The deputy sheriff who had investigated this case did not arrive in time to testify and was unavailable when Holzbacher's attorney wished to place him on the stand. At the trial court's suggestion, the parties relied upon the deputy's report.
At the hearing, Holzbacher's attorney repeatedly argued that the State must prove the corpus delicti of this crime beyond a reasonable doubt before a confession would be admissible. As the above-quoted language from Frazier indicates, that is not the level of proof required by the State at trial. Moreover, this hearing considered Holzbacher's motion in limine for which he had the burden of proof. He simply did not present that proof.
If anything, the evidence at the hearing established that the State would be able to prove the corpus delicti of this crime at trial. The State established the presence of a controlled substance in a car with no signs of authorization for possession of said substance. The fact that the substance was found in an automobile shows that it was possessed by someone. See, e.g., State v. Wallace, 734 So.2d 1126, 1129 (Fla. 3d DCA 1999) ("[T]he mere presence of the contraband in the closet established that a crime had been committed and that someone was criminally liable."). At this point in the case, Holzbacher has not come forward with evidence that he had a valid prescription for the deca. See Gunn v. State, 336 So.2d 687 (Fla. 4th DCA 1976) (noting by way of example that under section 893.10, if a defendant relied upon having a valid prescription as a defense to a charge of violating section 893.13(1)(e) (now numbered section 893.13(6)(a)), the defendant and not the state would bear the burden of proof). Accordingly, we reverse the order in limine excluding Holzbacher's confession from evidence and remand for further proceedings.
Reversed and remanded.
ALTENBERND and SILBERMAN, JJ., Concur.
NOTES
[1] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(B).