NORTHCUTT, Judge.
 

 A jury convicted Dennis Shelden of shooting within or into a building, a second-degree felony.
 
 See
 
 § 790.19, Fla. Stat. (2007). But the trial court erred by permitting evidence of Shelden’s statements over defense counsel’s objection that the State had not proved the corpus delicti. Accordingly, we reverse.
 

 The State presented two witnesses at Shelden’s trial. One was a sheriffs deputy who testified that he responded to a call about a shooting at Shelden’s home. Inside the home, he saw seven bullet holes in a wall and shell casings on the floor. One or more of the bullets had completely penetrated the home’s outer wall. Outside, the deputy found what he believed to be divots where bullets struck the ground several feet from the house. The other witness, also a sheriffs deputy, recounted that he received an alert to be on the lookout for Shelden. He located him in a car parked at an area gas station. After
 
 *216
 
 the deputy informed Shelden of his constitutional rights, Shelden acknowledged that he had fired a pistol inside his home in an attempt to frighten his wife during an argument.
 

 The deputy was permitted to relate Shelden’s statements notwithstanding defense counsel’s objection that the State had not first proved the corpus delicti. The trial court overruled the objection subject to revisiting the question at a later time. When the State rested its case, defense counsel moved for a judgment of acquittal on the ground that the evidence was legally insufficient to prove that Shel-den discharged the firearm willfully or wantonly. After the jury returned a guilty verdict, Shelden’s counsel renewed his motion for a judgment of acquittal and reasserted his corpus delicti argument. The trial court denied the motion and reaffirmed its earlier ruling on the admissibility of Shelden’s statements to the deputy.
 

 It is a longstanding tenet of common law that a defendant’s confession is inadmissible to prove his guilt unless the State separately proves the corpus delicti, i.e., the “body of the crime.”
 
 Franqui v. State,
 
 699 So.2d 1312, 1317 (Fla.1997) (quoting
 
 Black’s Law Dictionary
 
 344 (6th ed. 1990)). In other words, the State is obliged to demonstrate, by evidence other than the defendant’s admission, that the crime was in fact committed.
 

 The State meets its burden to prove the corpus delicti with evidence “(1) that a crime of the type charged was committed; and (2) that the crime was committed through the criminal agency of another,” although not necessarily the defendant.
 
 Id.
 
 As
 
 to
 
 the first prong, the State need not demonstrate the commission of the crime by proof beyond a reasonable doubt. But it must submit evidence that at least tends to show each element of the relevant offense.
 
 State v. Holzbacher,
 
 948 So.2d 935, 937 (Fla. 2d DCA 2007). We look, therefore, to the elements of the offense at hand.
 

 The Florida Supreme Court has identified the elements of criminally shooting within or into a building as follows: “that the defendant (1) shot a firearm; (2) at, within, or into a building, occupied or not; and (3) did so ‘wantonly or maliciously.’ ”
 
 State v. Kettell,
 
 980 So.2d 1061, 1063 (Fla.2008) (quoting Fla. Std. Jury Instr. (Crim.) 10.13). Here, the State’s evidence amply demonstrated that a firearm was discharged inside Shelden’s house, thus establishing the first two elements of the corpus delicti.
 

 But, apart from Shelden’s statements to the arresting deputy, the State’s evidence of the third element was wholly lacking. As the supreme court held in
 
 Kettell,
 
 “the mere shooting into a building does not establish intent under the statute.”
 
 Id.
 
 at 1067. Beyond the simple fact of the shooting itself, the State offered no proof that it was done wantonly or maliciously.
 

 As defined in the standard jury instruction:
 

 “Wantonly” means consciously and intentionally, with reckless indifference to consequences and with the knowledge that damage is likely to be done to some person.
 

 “Maliciously” means wrongfully, intentionally, without legal justification or excuse, and with the knowledge that injury or damage will or may be caused to another person or the property of another person.
 

 Kettell,
 
 980 So.2d at 1067. Here, there was no evidence that anyone was endangered by the shooting, that another’s property was threatened, or that the shooter acted wrongfully or with reckless indiffer
 
 *217
 
 ence to consequences. The most that might be said, from the fact that seven shots were fired, is that the gun was discharged intentionally. But, aside from Shelden’s statements, the evidence did not reveal whether anyone other than the shooter was present at the time. Nor was there evidence, for that matter, of whether the shots were fired in a country house or a city dwelling or whether the bullets penetrated a wall to an area outdoors that might be frequented by children or passers-by.
 

 In the absence of evidence tending to establish the “wanton or malicious” element of the crime, the State failed to prove the corpus delicti so as to permit the introduction of Shelden’s statements to the deputy. The trial court should have sustained defense counsel’s objection.
 

 Reversed and remanded for a new trial.
 

 VILLANTI and MORRIS, JJ., Concur.