PER CURIAM. J.J.J. ’appeals the juvenile court’s disposition order withholding adjudication but finding that sh'e committed the delinquent act of possession of a firearm by a minor. See § 790.22(3), (5), Fla, Stat. (2014). The State concedes that the corpus delicti of the charge consisted solely bf inadmissible evidence. We agree and reverse because without this evidence J.J.J. was entitled to a dismissal. At the adjudicatory hearing, the State called a single witness, Officer Chris Ross-man. He testified that he was dispatched to the scene of a hit-and-run accident, Upon his arrival, he observed that one of the vehicles was unattended and contained two rifles wedged between the front seats and the center console.[1] When the officer learned that JJ.J.’s father owned the unattended vehicle, he proceeded to the father’s nearby residence to question him. On direct examination, the officer testified that he asked J.J.J.’s father “if he knew where his vehicle was.” The defense promptly objected that the officer’s recitation of JJJ.’s father’s response would be hearsay. The court agreed but ruled that the officer could testify to what he did after speaking with JJ.J.’s father. The State then- proceeded with questioning as follows: STATE: So based on the things you heard from [J.J.J.’s father] what did you determine it was necessary to do at that point? WITNESS: Locate [J.J.J.]. THE COURT: And why is it important for you to locate [J.J.J.]? WITNESS: Based on the information that I obtained from [JJ.J.’s father] she would have been the—. Once again the defense objected, insisting that the officer’s statement constituted inadmissible hearsay. The court overruled the objection, reasoning that the statement was “just explaining why [the officer] went to find [J.J.J.]. So he went to find [J.J.J.] based on statements from [JJ.J.’s father].” [2] The officer testified that he located J.J.J. several hours later. When the State inquired as to what J.J.J. told him during the subsequent interview, the defense once again objected, this time on the grounds of corpus delicti. Defense counsel argued that the State had presented no evidence, other than the previously admitted hearsay, of the crime of possession of a firearm by a minor. Once again the court overruled the objection. The officer then recounted J.J.J.’s admission to driving the vehicle and being in possession of the firearms. The officer verified that J.J.J. was a minor at the time of the offense. After presentation of the State’s case, defense counsel declined to call any witnesses, present evidence, or make a closing argument, believing that the State had failed to prove the corpus delicti of the offense. Nonetheless, the court found that the offense of hit-and-run had occurred, which furnished the officer with probable cause to question J.J.J.’s father. In turn, the court reasoned that the officer's questioning pointed to J.J.J., who subsequently provided the incriminating statements. As the State concedes in this appeal, the officer’s testimony constituted inadmissible hearsay and was not otherwise rendered admissible by framing the evidence as explaining the officer’s state of mind or demonstrating a logical sequence of events. “When the only possible relevance of an out-of-court statement is directed to the truth of the matters stated by a declarant, the subject matter is classic hearsay even though the proponent of such evidence seeks to clothe such hearsay under a nonhearsay label.” Keen v. State, 775 So.2d 263, 274 (Fla. 2000) (first citing § 90.801(1)(c), Fla. Stat. (1999); and then citing Wright v. State, 586 So.2d 1024, 1030 (Fla. 1991) (noting that when the only relevance of an out-of-court statement is to prove the truth of the matter asserted, the statement is hearsay and is not rendered admissible when the nonhearsay purpose for which it was admitted is not relevant to the issues in dispute)). Rather, the sole purpose of the officer’s testimony was to link J.J.J. to the crime. See Walker v. State, 77 So.3d 890, 894-95 (Fla. 2d DCA 2012) (holding that evidence from an unidentified source that the victim received “information from the streets about who potentially [committed the charged crimes]” was inadmissible hearsay) (alteration in original)); Stokes v. State, 914 So.2d 514, 517 (Fla. 4th DCA 2005) (holding that the detective’s testimony that “[the defendant] became a suspect after [the detective] conducted a number of interviews with other people” was inadmissible hearsay as the statement could have led the jury to believe “that non-testifying witnesses made accusatory statements ... about the defendant” or “that testifying witnesses gave police information about [defendant’s involvement which was not presented to the jury”). Without the officer’s hearsay testimony, the State failed to present any evidence proving JJJ.’s guilt. In the absence of proof of the corpus delicti of the offense, JJJ.’s incriminating statements were inadmissible. “It is a longstanding tenet of common law that a defendant’s confession is inadmissible to prove his guilt unless the State separatély proves the corpus delicti, i.e., the ‘body of the crime.’” Shelden v. State, 38 So.3d 214, 216 (Fla. 2d DCA 2010) (quoting Franqui v. State, 699 So.2d 1312, 1317 (Fla. 1997)). The State failed to prove the offense of possession of a firearm by a minor. Therefore, we reverse and remand for the trial court to dismiss the charge against J.J.J. Reversed and remanded with directions. NORTHCUTT, KELLY, and SALARIO, JJ., Concur. . The State did not charge J.J.J. with the offense of leaving the scene of an accident. See § 316.061(1), Fla. Stat. (2014). . Subsequently, the court explained that it "did not admit what the father said but ... the policeman’s conclusion that she was the person he needed to talk to.”