NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


A.P.,                                        )
                                             )
            Appellant,                       )
                                             )
v.                                           )          Case No.    2D16-979
                                             )
STATE OF FLORIDA,                            )
                                             )
            Appellee.                        )
_____)

Opinion filed June 29, 2018.

Appeal from the Circuit Court for
Hillsborough County; Barbara Twine
Thomas, Judge.

Howard L. Dimmig, II, Public Defender,
and Matthew Overpeck, Assistant Public
Defender, Bartow for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Peter Koclanes,
Assistant Attorney General, Tampa,
for Appellee.


KELLY, Judge.

            A.P. appeals from the order finding him guilty of minor in possession of a

firearm and felon in possession of a firearm but declining to adjudicate him delinquent.

While he raises several issues in this appeal, we need not address each one because

we agree with A.P. that the State failed to prove the corpus delicti of the crimes charged and therefore should not have been allowed to introduce his admission into evidence.

The evidence at trial showed that A.P. was driving a car in which his two brothers were passengers when police officers conducted a traffic stop because they believed they smelled marijuana coming from the car. Once the car was stopped, an officer approached A.P., told him why they had stopped the car, and then handcuffed A.P. and placed him in the back seat of his patrol car. A second officer searched the passengers and the car and found a marijuana blunt on one passenger and a holstered firearm under the floor mat of the front passenger seat. Over objection, one of the officers testified that when A.P. learned the officers had found a firearm in the car, A.P. stated it belonged to him. Based on his admission, the officers arrested A.P. on the firearm charges and released his brothers.

At trial, A.P. objected on corpus delicti grounds when the State sought to introduce his admission into evidence. The trial court overruled the objection. At the close of the State's case and at the conclusion of the trial, A.P. moved for a judgment of dismissal again arguing that the State had failed to establish the corpus delicti of the crimes absent his admission. Specifically, A.P. argued that absent his admission, the State had failed to present prima facie evidence that he actually or constructively possessed the gun. He cited to this court's decision in Ras v. State, 610 So. 2d 24 (Fla. 2d DCA 1992), in support of his argument; however, the trial court rejected A.P.'s argument stating that Ras had "no relevance" and that it was "inapplicable," that his arguments regarding constructive possession had "no applicability" and were "not

- 2 -

germane," and that it was "absolutely" possible to find A.P. guilty based on his admission. The trial court was wrong.

Florida adheres to the traditional rule of corpus delicti. See, e.g., J.B. v. State, 705 So. 2d 1376, 1378 (Fla. 1998); Burks v. State, 613 So. 2d 441, 443 (Fla. 1993); see also State v. Carwise, 846 So. 2d 1145, 1146 (Fla. 2003) (Cantero, J., dissenting). The rule provides that before an admission may be allowed into evidence, the State has the burden of offering direct or circumstantial evidence independent of the admission that establishes the corpus delicti of the crime charged. State v. Allen, 335 So. 2d 823, 825 (Fla. 1976) ("A person's confession to a crime is not sufficient evidence of a criminal act where no independent direct or circumstantial evidence exists to substantiate the occurrence of a crime."). The State must "bring forth 'substantial evidence' tending to show the commission of the charged crime. This standard does not require the proof to be uncontradicted or overwhelming, but it must at least show the existence of each element of the crime." Id. (footnote omitted) (quoting Tucker v. State, 59 So. 941, 941 (Fla. 1912)).

A.P. was charged with violating section 790.22(3), Florida Statutes (2015), which makes it a crime for a minor to possess a firearm except under certain enumerated circumstances and section 790.23(1)(b), which makes it a crime for "any person to own or to have in his or her care, custody" a firearm if they have been found "to have committed a delinquent act that would be a felony if committed by an adult and such person is under 24 years of age." To establish the corpus delicti—that is to show that the charged crimes occurred—the State would have to show that a firearm was possessed by an individual who is prohibited by the statute from possessing it. A.P.

- 3 -

argues, and we agree, that without his statement, the State's evidence did not prove he possessed the gun, and without that, there was no proof a crime occurred.

This court's decision in Ras is instructive. There, Ras was convicted of trafficking by possession. 610 So 2d at 25. This court reversed his conviction because the sole evidence supporting the element of possession was his statement that he was aware of the presence of the cocaine:

> In order to support the conviction for trafficking by possession, the evidence must show that Ras possessed the cocaine, either actually or constructively.
>
> The evidence reflects that Griswold, not Ras, had actual possession of the cocaine. To prove constructive possession, the state was required to prove that Ras knew of the presence of the cocaine and had the ability to maintain control over it or reduce it to his physical possession. Ras certainly knew of the presence of the cocaine, so this case turns on whether he had dominion or control over the cocaine. Because Ras did not have exclusive control of the area, it may not be inferred that he had control of the cocaine without other incriminating statements or circumstances which tend to support that inference. The trial court relied on Ras's post-arrest statement that they intended to take the cocaine to the buyer in Sarasota in order to show that Ras at least constructively possessed the cocaine. That admission, however, cannot be the sole evidence to support the element of possession; the state was required to present prima facie evidence establishing all elements of trafficking by possession independent of Ras's statement. The state offered no prima facie evidence to show that Ras possessed the cocaine.

Id. at 25 (citations omitted).

Similarly, to prove constructive possession of a firearm the State must produce evidence establishing that "the defendant had knowledge of the presence of the gun and the ability to exercise control over it." Creamer v. State, 605 So. 2d 541, 542 (Fla. 1st DCA 1992) (quoting Wilcox v. State, 522 So. 2d 1062, 1064 (Fla. 3d DCA

1988)).  In a car that is jointly occupied, knowledge and the ability to control the firearm may not be inferred but must be established by independent proof.  See K.A.K. v. State, 885 So. 2d 405, 407 (Fla. 2d DCA 2004).  That proof can consist of incriminating statements or circumstances which tend to support the inference.  Ras, 610 So. 2d at 25.

The evidence here showed that A.P. and two passengers were together in the car, and A.P. was driving.  The gun was hidden from sight under the floor mat of the front passenger seat.  We have repeatedly held that mere proximity to contraband in a jointly occupied car is not sufficient to sustain a conviction based on constructive possession.  See K.A.K, 885 So. 2d at 407-08.  Thus, the only independent proof remaining to support any of the inferences necessary to establish constructive possession is A.P.'s admission.  This brings us full circle to Ras, which, as stated above, teaches us that this will not do.  See Ras, 610 So. 2d at 25; see also Harrison v. State, 483 So. 2d 757, 758 (Fla. 2d DCA 1986) (holding that the corpus delicti doctrine prohibited the appellant's conviction for possession of a firearm where there was no proof of actual or constructive possession of the firearm apart from the appellant's confession).

We also note that although corpus delicti typically does not require proof of the identity of the guilty party before a defendant's statement can be admitted, sometimes the identity of the guilty party and the proof that a crime occurred "are so intimately connected that the proof of the corpus delicti and the guilty agency are shown at the same time."  Spanish v. State, 45 So. 2d 753, 754 (Fla. 1950).  That was the case in State v. Allen, 335 So. 2d 823.  There, Allen was charged with two counts of

manslaughter, one by culpable negligence and one under a statute relating to driving while intoxicated. The State alleged that Allen was the driver. Allen argued that his confession should not have been admitted until the State proved he was driving the car because if the victim had been the driver, there would have been no crime. Id. at 825-26. Because the State offered circumstantial proof that put Allen behind the wheel of the car, the court found that his confession was admissible. Id. Similarly, in this case, absent proof that A.P. possessed the gun, the evidence offered by the State does not establish that any crime occurred. Cf. State v. Walton, 42 So. 3d 902, 906-07 (Fla. 2d DCA 2010) (explaining that in a DUI case the defendant's identity as the driver may become a necessary part of the corpus delicti where, absent proof that the defendant was the driver, the evidence does not establish a crime occurred).

The State argues that we should reject the traditional corpus delicti rule in favor of the corroboration rule applied in federal courts. We acknowledge that the traditional doctrine of corpus delicti seems ill suited to crimes such as the ones charged here. See United States v. Shunk, 881 F.2d 917, 920 (10th Cir. 1989) (holding that corpus delicti was not relevant in a prosecution for felon in possession of a firearm because in such crimes there is no tangible injury or loss and the crime cannot be found to have been committed without reference to a specific defendant). However, we are not free to ignore the fact that the Florida Supreme Court has rejected that option on more than one occasion, although not as to these specific crimes. See J.B., 705 So. 2d at 1378; Burks, 613 So. 2d at 442.

A.P.'s admission should not have been allowed into evidence. Without his admission, the State's evidence was insufficient to prove that A.P. possessed the gun.

Accordingly, we reverse the order finding him guilty and remand for entry of an order granting his motion for judgment of dismissal.

Reversed and remanded with directions.

BLACK and SALARIO, JJ., Concur.