# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-739
_____

ANTHONY BERNARD WIGGINS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Steven B. Whittington, Judge.

August 16, 2018

B.L. THOMAS, C.J.

Appellant challenges his conviction for possession of a concealed weapon by a convicted felon. Appellant raises seven arguments on appeal, only three of which merit discussion: That a firearm is not a "weapon" as defined by Florida Statutes and therefore cannot be a "concealed weapon"; that "possession of a concealed weapon by a convicted felon" is not an offense in the Florida Statutes; and that his conviction for a nonexistent crime was fundamental error. We reject the first argument but reverse and remand on the final argument.

*I. Whether a firearm constitutes a "concealed weapon"*
*as defined by section 790.001(3)(a), Florida Statutes.*

Questions of statutory interpretation are reviewed de novo. *State v. Burris*, 875 So. 2d 408, 409 (Fla. 2004). "[A] 'statute should be interpreted to give effect to every clause in it, and to accord meaning and harmony to all of its parts.'" *Acosta v. Richter*, 671 So. 2d 149, 153-54 (Fla. 1996) (quoting *State ex rel. City of Casselberry v. Mager,* 356 So. 2d 267, 269 n.5 (Fla. 1979)). "'[S]tatutory phrases are not to be read in isolation, but rather within the context of the entire section.'" *Id.* (quoting *Jackson v. State*, 634 So. 2d 1103, 1105 (Fla. 4th DCA 1994)).

Section 790.001, Florida Statutes, provides the following definitions:

> (2) "Concealed firearm" means any firearm, as defined in subsection (6), which is carried on or about a person in such a manner as to conceal the firearm from the ordinary sight of another person.

> (3)(a) "Concealed weapon" means any dirk, metallic knuckles, billie, tear gas gun, chemical weapon or device, *or other deadly weapon* carried on or about a person in such a manner as to conceal the weapon from the ordinary sight of another person.

> . . . .

> (6) "Firearm" means any *weapon* (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such *weapon*; . . . .

> . . . .

> (13) "Weapon" means any dirk, knife, metallic knuckles, slingshot, billie, tear gas gun, chemical weapon or device, *or other deadly weapon except a firearm* or a common pocketknife, plastic knife, or blunt-bladed table knife.

2

(Emphasis added.)

"Where possible, courts must give effect to *all* statutory provisions and construe related statutory provisions in harmony with one another." *Young v. Progressive Se. Ins. Co.,* 753 So. 2d 80, 84 (Fla. 2000) (quoting *Forsythe v. Longboat Key Beach Erosion Control Dist.*, 604 So. 2d 452, 455 (Fla. 1992)) (emphasis in original). "The general rule is that, if it is possible to do so, inconsistent provisions within a statute should be construed in a manner that reconciles the inconsistencies." *Jordan v. Food Lion, Inc.*, 670 So. 2d 138, 140 (Fla. 1st DCA 1996). "If that is not possible, the inconsistencies should be resolved in a manner that will give effect to the last expression of the legislative will." *Id.* When first enacted in 1969, sections 790.001(3)(a), 790.001(6), and 790.001(13), Florida Statutes, all read in relevant part as they do today. Ch. 69-306, *Laws of Fla.*

Appellant argues that this court should follow the Second District's holding in *Baldwin v. State* that, because a firearm is not a "weapon" as defined by section 790.001(13), it cannot be a "concealed weapon" as defined by section 790.001(3)(a). 857 So. 2d 249, 252 (Fla. 2d DCA 2003). However, the Second District did not address the fact that section 790.001(6), Florida Statutes, defines "firearm" as a "weapon . . . designed to . . . expel a projectile." *Id.* at 251-52. Appellant's argument is incorrect to the extent that it is based on *Baldwin's* holding that a "gun is not a 'weapon,'" 857 So. 2d at 251, because a gun is a weapon under section 790.001(6), a fact which the *Baldwin* court did not consider in reaching its conclusion.

A "basic rule of statutory construction requires a court to avoid a literal interpretation that would result in an absurd or ridiculous conclusion." *M.D. v. State*, 993 So. 3d 1061, 1063 (Fla. 1st DCA 2008). Appellant's desired construction would establish that "firearms" are not "deadly weapons," a definition that is not only absurd but contrary to case law. *See Parrish v. State*, 66 So. 3d 1030, 1033 (Fla. 1st DCA 2011) (holding, for purposes of Chapter 790, that "[a] deadly weapon is one likely to cause death or great bodily injury"). *See also State v. Williams*, 10 So. 3d 1172, 1174 (Fla. 3d DCA 2009) ("A firearm is, by definition, a

3

deadly weapon because it is designed to expel a projectile by the action of an explosive which is likely to cause death or great bodily injury."); *Miller v. State*, 613 So. 2d 530, 531 (Fla. 3d DCA 1993) ("A firearm is, by definition, a deadly weapon which fires projectiles likely to cause death or great bodily harm; . . . ."); *Riggins v. State*, 557 So. 2d 185, 185 (Fla. 3d DCA 1990) ("it is well settled that a firearm, as here, is a 'deadly weapon' within the meaning of" section 784.045, the aggravated battery statute).[*] *See also Baldwin*, 857 So. 2d at 254 (Silberman, J., concurring specially) (noting that, regarding section 790.001(13), "[t]he definition of 'weapon' contemplates that a firearm and common pocketknife would normally be included in the category of 'deadly weapon' or there would have been no reason for the legislature to use the language 'except a firearm or a common pocketknife'"). Thus, we reject Appellant's argument that a firearm is not a deadly weapon.

### *II. Whether the trial court fundamentally erred by instructing the jury on the non-existent crime of "possession of a concealed weapon by a convicted felon" instead of "carrying a concealed weapon by a convicted felon."*

Section 790.23(1), Florida Statutes, makes it unlawful for a convicted felon "to have in his or her care, custody, possession, or control any firearm . . . or to carry a concealed weapon[.]" Appellant was charged by information with "possession of a concealed weapon by a convicted felon . . . contrary to the provisions of Section 790.23(1)(a), Florida Statutes." However, "possession of a concealed weapon" is not an offense named in section 790.023(1), Florida Statutes. The jury instructions

---

[*] The rule of lenity, codified in section 775.021, Florida Statutes, requires that penal statutes be strictly construed, with ambiguity resolved in the manner most favorable to the accused. However, "[t]his rule of lenity is a canon of last resort and only applies if the statute remains ambiguous after consulting traditional canons of statutory construction." *Paul v. State*, 129 So. 3d 1058, 1064 (Fla. 2013). Because Appellant's desired construction would lead to an absurd result, the rule of lenity does not apply.

4

repeated the incorrect name of the offense; while the instructions did track the correct elements for the actual offense of "carrying a concealed weapon by a convicted felon," the instructions also contained the definitions of "possess" and "actual possession," which are not applicable to the "carrying" offense in regards to a concealed weapon. Appellant was thus found guilty by a jury of the nonexistent offense of "possession of a concealed weapon by a convicted felon."

We agree with the Fourth District's holding in *James v. State*, 16 So. 3d 322 (Fla. 4th DCA 2009) that, because the definition of "carrying" is narrower than the definition of "possession," the repeated mislabeling of the offense as "possession of a concealed weapon by a convicted felon" and the inclusion in the jury instructions of the definitions of "possess" and "actual possession" made it possible for the jury to convict Appellant of the broader and nonexistent offense, thus making the erroneous instructions fundamental error, as "no one may be convicted of a nonexistent crime." *Achin v. State*, 436 So. 2d 30, 31 (Fla. 1982).

Appellant's conviction for "possession of a concealed weapon by a convicted felon" is reversed and remanded for a new trial on the crime of carrying a concealed weapon by a convicted felon. *See id.* (holding retrial on remand of nonexistent crime does not violate prohibition against double jeopardy where the nonexistent offense includes all elements of correct offense).

We affirm all other issues raised by Appellant.

AFFIRMED in part, REVERSED in part, and REMANDED for new trial.

BILBREY and JAY, JJ., concur.

5

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Andy Thomas, Public Defender, Victor D. Holder, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Samuel B. Steinberg, Assistant Attorney General, Tallahassee, for Appellee.