NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

N.G.S.,                                    )
                                           )
            Appellant,                     )
                                           )
v.                                         )          Case No. 2D17-4650
                                           )
STATE OF FLORIDA,                          )
                                           )
            Appellee.                      )
_____)

Opinion filed May 17, 2019.

Appeal from the Circuit Court for Pinellas
County; Patrice W. Moore, Judge.

Howard L. Dimmig, II, Public Defender,
and Robert D. Rosen, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Johnny T. Salgado,
Assistant Attorney General, Tampa, for
Appellee.


SALARIO, Judge.

             N.G.S. appeals from a juvenile disposition order finding that he committed

the delinquent acts of being a delinquent in possession of a firearm and being a

delinquent carrying a concealed weapon.  The order withheld adjudication and required

N.G.S. to serve fifteen days in a juvenile detention center and twelve months of

probation. He argues that the trial court erred in admitting his confession that the gun belonged to him without independent evidence of the corpus delicti of either delinquent act and that the court's finding of delinquency and withheld adjudication on both counts violated double jeopardy. We find the corpus delicti issue dispositive and reverse.

I.

On June 16, 2017, around 10:00 p.m., Clearwater Police Detective Harry Dodson was in his car behind N.G.S.'s residence when he saw N.G.S. sitting in a car nearby with three other young men. Detective Dodson knew N.G.S. was on probation and had an 8:00 p.m. curfew. He approached the car. N.G.S., who was sitting in one of the back seats, opened the door and told the detective: "I'm sorry. I'm sorry. I'm sorry." The smell of marijuana smoke emanated from the car. Detective Dodson and another detective began getting everyone out. As Detective Dodson was about to take N.G.S. from the back seat, he noticed "just the edge" of a pistol grip—what he also described as "just the very back of the backstrap" of a gun—sticking out underneath the seat in front of N.G.S. Detective Dodson reached down and removed what turned out to be a Smith & Wesson 9 mm handgun from under the seat in front of N.G.S.

Detective Dodson removed N.G.S from the car and read him the standard <u>Miranda</u>[1] warnings. N.G.S. said he understood. N.G.S. then confessed that he got the gun in St. Petersburg and brought it into the car with him that night. The State later filed a delinquency petition alleging that N.G.S. committed two delinquent acts: (1) delinquent in possession of a firearm, <u>see</u> § 790.23(1)(b), Fla. Stat. (2016), and (2) delinquent carrying a concealed weapon, <u>see</u> <u>id</u>.

---

[1]<u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

At the adjudicatory hearing, the State asked Detective Dodson to testify about N.G.S.'s admission that the gun was his. N.G.S. objected, arguing that because the State had failed to prove the corpus delicti of either delinquent act, the confession was not admissible. The nub of N.G.S.'s argument was that the State was required but failed to prove, independent of N.G.S.'s admission, either (1) that all of the young men in the car had been adjudicated delinquent of felony offenses and were under the age of twenty-four, such that no matter who possessed or carried the gun, the delinquent acts had been committed or (2) that N.G.S. himself possessed and carried the firearm. See § 790.23(1)(b). The court overruled the objection and admitted N.G.S.'s statements into evidence. Detective Dodson later testified that the other young men in the vehicle were ages fourteen, seventeen, and eighteen. There was no evidence, however, that any of them had ever been found to have committed a felony delinquent act.

N.G.S. moved for a judgment of dismissal again raising the corpus-delicti issue and arguing, in part, that without his confession the evidence was insufficient to support a finding of delinquency for either offense. The trial court denied that motion and entered a disposition order finding N.G.S. delinquent and withholding adjudication on both counts. This timely appeal follows.

II.

N.G.S. argues that the trial court erred by allowing his admission that the gun was his into evidence in the absence of sufficient evidence proving the corpus delicti of either delinquent act with which he is charged. Our review is for abuse of discretion. See Tanzi v. State, 964 So. 2d 106, 116 (Fla. 2007) (reviewing ruling on corpus delicti determination for abuse of discretion); J.B. v. State, 166 So. 3d 813, 816

- 3 -

(Fla. 4th DCA 2014) ("The trial court's admission of a confession over a *corpus delicti* objection is reviewed for an abuse of discretion.").

A.

Corpus delicti is an old common law rule still followed in Florida that, simply stated, holds that a defendant's confession is not admissible to prove his or her guilt unless the State also introduces direct or circumstantial evidence independent of the confession to prove the corpus delicti or, in English, the body of the crime.  Shelden v. State, 38 So. 3d 214, 216 (Fla. 2d DCA 2010); see also J.B. v. State, 705 So. 2d 1376, 1378 (Fla. 1998) (rejecting argument that the rule should be abolished in Florida). The gist of the rule is that before it can have the defendant's confession admitted, the State must establish "(1) that a crime of the type charged was committed; and (2) that the crime was committed through the criminal agency of another."  Franqui v. State, 699 So. 2d 1312, 1317 (Fla. 1997) (citing State v. Allen, 335 So. 2d 823, 825 (Fla. 1976)). The stated reason for the rule is that no one should be convicted when a confession is all there is to prove that a crime actually took place.  See Shelden, 38 So. 3d at 216 ("[T]he State is [obligated] to demonstrate, by evidence other than the defendant's admission, that the crime was in fact committed."); see also Allen, 335 So. 2d at 825 (requiring proof "that a crime has been committed" to ensure that "no person be convicted out of derangement, mistake or official fabrication").

The corpus delicti rule does not require that the State prove the identity of the person who committed the crime, except in those uncommon circumstances where proof of identity is necessary to show that a crime was committed at all.  See A.P. v. State, 250 So. 3d 799, 802 (Fla. 2d DCA 2018) (describing circumstances in which "the identity of the guilty party and the proof that a crime occurred" are so intertwined that

- 4 -

proof of corpus delicti and guilty agency are the same (quoting Spanish v. State, 45 So. 2d 753, 754 (Fla. 1950))); State v. Walton, 42 So. 3d 902, 906-07 (Fla. 2d DCA 2010) (stating that the defendant's identity as the driver may become a part of the corpus delicti where the evidence does not establish a crime without it). Nor does it require that the body of the crime be proved beyond a reasonable doubt. Shelden, 38 So. 3d at 216. Rather, it requires that the State produce "substantial evidence," which need not be "uncontradicted or overwhelming," to prove that a crime has in fact happened. Allen, 335 So. 2d at 825 (quoting Tucker v. State, 59 So. 941, 941 (Fla. 1912)).

So what is the corpus delicti in this case? Both offenses of which N.G.S. was found delinquent were based on section 790.23(1)(b), which provides in relevant part as follows:

> (1) It is unlawful for any person to own or to have in his or her care, custody, possession, or control any firearm, ammunition, or electric weapon or device, or to carry a concealed weapon, including a tear gas gun or chemical weapon or device, if that person has been:
>
> . . . .
>
> (b) Found, in the courts of this state, to have committed a delinquent act that would be a felony if committed by an adult and such person is under 24 years of age.

As to the count for delinquent carrying a concealed weapon, the statute makes it unlawful for a delinquent to "carry a concealed weapon, including a tear gas gun or chemical weapon or device." Id. For the purposes of chapter 790, "concealed weapon" is defined as "any dirk, metallic knuckles, billie, tear gas gun, chemical weapon or device, or other deadly weapon carried on or about a person in such a manner as to conceal the weapon from the ordinary sight of another person." § 790.001(3)(a). We

- 5 -

have previously held that a firearm does not meet the definition of a "concealed weapon" under chapter 790. See Baldwin v. State, 857 So. 2d 249, 251 (Fla. 2d DCA 2003). But see Wiggins v. State, 253 So. 3d 1196 (Fla. 1st DCA 2018).

The corpus delicti for this offense, then, would at least include some evidence, separate from N.G.S.'s admission, that someone covered by the statute (i.e., a delinquent with the requisite prior delinquency finding) carried something that met the definition of concealed weapon. The State's evidence in this case, however, showed that the only potentially-unlawful item Detective Dodson recovered during his interaction with N.G.S. was a gun. Because a gun cannot be a "concealed weapon" under chapter 790, it follows that the State's evidence does not establish the corpus delicti for delinquent carrying a concealed weapon.

We turn now to the possession charge. As concerns a delinquent's unlawful possession of a firearm, our court has held that the body of the crime is "that a firearm was possessed by an individual who is prohibited by the statute from possessing it"—as relevant here, an individual under twenty-four who has been found to have committed a delinquent act that would be a felony if committed by an adult. See A.P., 250 So. 3d at 801; see also J.J.J. v. State, 235 So. 3d 1014, 1016-17 (Fla. 2d DCA 2017) (holding that the State failed to establish the corpus delicti of minor in possession of a firearm where the only evidence that a minor possessed a firearm was inadmissible).

In determining whether the State actually proved the corpus delicti of the possession count, this much is not in dispute: there was no evidence that all of the occupants of the car in which the gun was found had previously been found to have committed delinquent acts that would have been felonies had they been committed by

- 6 -

adults.  If these were the facts and the State had sufficiently proved them, this would be a no-brainer affirmance.  It is entirely logical to infer from the facts that someone in the car possessed the gun Detective Dodson found under the seat.  And if everyone in the car was a delinquent described by section 790.23(1)(b), then it is equally logical to infer that an individual described by the statute possessed a firearm.  See, e.g., State v. Holzbacher, 948 So. 2d 935, 937 (Fla. 2d DCA 2007) (holding that the State showed the corpus delicti for possession of a controlled substance where it "established the presence of a controlled substance in the car with no signs of authorization for possession of said substance" and "[t]he fact that the substance was found in an automobile shows that it was possessed by someone").  N.G.S.'s confession would then have been admissible to show that he was that individual.  See, e.g., State v. Walton, 42 So. 3d 902, 909-10 (Fla. 2d DCA 2010) (holding that the defendant's confession was admissible to establish identity in a prosecution for driving under the influence with serious bodily injury where independent evidence showed that all of the occupants of the vehicle that caused the crash had been drinking and were impaired).

Here, however, the only occupant of the car the State showed to have been covered by section 790.23(1)(b) was N.G.S.  Thus, the only way for the State to have proved the corpus delicti of the possession offense was to have shown that N.G.S. himself possessed a firearm.[2]  See, e.g., A.P., 250 So. 3d at 802 (dealing with minor in

_____

[2]Detective Dodson's testimony—given after N.G.S.'s confession was admitted—that each of the occupants of the car was eighteen or younger would enable us to say that the State proved the corpus delicti of unlicensed carrying of a concealed firearm, a delinquent act with which N.G.S. was not charged but that is related by subject matter to those with which he was charged.  See §§ 790.01(2) (making it a third-degree felony to carry a concealed firearm without a license), .06(2)(b) (restricting concealed firearm licensure to persons twenty-one and older); see also Garmon v. State, 772 So. 2d 43, 46 (Fla. 4th DCA 2000) (holding that while the corpus delicti

possession); J.J.J., 235 So. 3d at 1016 (same). Put differently, this is one of those uncommon cases where, on the evidence the State presented, proof of the identity of the person who committed the offense was necessary to prove that a crime was committed at all.

B.

To determine whether the State proved the corpus delicti of the delinquent act of being a delinquent in possession of a firearm, we must ask whether N.G.S. possessed the gun Detective Dodson found. Possession of a firearm may be either actual or constructive. See Harrison v. State, 483 So. 2d 757, 758 (Fla. 2d DCA 1986) (holding that there must be proof of actual or constructive possession of a firearm to prove the corpus delicti of felon in possession). A person actually possesses an item when it is in his hand, on his person, or within his reach and under his control. Sasser v. State, 67 So. 3d 1150, 1152 (Fla. 2d DCA 2011). Under our analogous precedents, it seems quite clear that N.G.S. did not actually possess the gun. See, e.g., Smith v.

---

should be proved before a defendant's confession is admitted, a subsequent showing can cure that defect). And there is some supreme court dictum to suggest that this proof of a substantively related but uncharged offense might be enough to get the State home. See Burks v. State, 613 So. 2d 441, 444 n.4 (Fla. 1993) (stating that "[t]he crime of which the elements must be proven need not be the exact crime charged" and that "it is sufficient if the elements of the underlying crime are proven rather than those of the particular degree or variation of that crime which may be charged" (first citing Allen, 335 So. 2d at 825; and then citing Hart v. State, 783 S.W.2d 40, 42 (Ark. 1990))). The State has not, however, made such an argument either in the trial court or in ours. And we have not found a case in which a Florida court has actually held that proof of a crime different from but related by subject matter to the crime charged suffices as proof of the corpus delicti of the crime charged. The correct resolution of this issue is sufficiently unclear that we decline to reach it without the benefit of briefing here. See Meyers v. State, 704 So. 2d 1368, 1369 (Fla. 1997) ("The phrase 'corpus delicti' refers to proof independent of a confession that the crime charged was in fact committed." (emphasis added)); see also Powell v. State, 120 So. 3d 577, 591 (Fla. 1st DCA 2013) (explaining that appellate courts may, but are not required to, address tipsy coachman grounds for affirmance that have not been briefed by the parties).

State, 123 So. 3d 656, 657 (Fla. 2d DCA 2013) (holding that evidence was legally insufficient to prove that the driver of a jointly occupied vehicle actually possessed drug paraphernalia in the driver's side visor, even where the driver was fumbling behind the visor at the time); Skelton v. State, 609 So. 2d 716, 716 (Fla. 2d DCA 1992) (holding that evidence was legally insufficient to prove that the passenger in a jointly occupied vehicle actually possessed a bag of cocaine located under the passenger seat near where his feet had been). The State has not argued otherwise.

To prove the corpus delicti of the possession offense, then, the State had to prove that N.G.S. constructively possessed the gun independently of his confession. To establish that, the State needed to show that N.G.S. "knew of the presence of the [gun] and was able to exercise control over [it]." See Watson v. State, 961 So. 2d 1116, 1117 (Fla. 2d DCA 2007). The State's only argument on this score is that it provided such proof because the evidence showed that the gun was found "in N.G.S.'[s] vicinity." But that argument is meritless because there were three other people in the car right before Detective Dodson found the gun, and our court has "repeatedly held that mere proximity to contraband in a jointly occupied car is not sufficient to sustain a conviction based on constructive possession." See A.P., 250 So. 3d at 802 (applying this principle to determine whether the State had proved the corpus delicti of a firearm-possession offense); see also K.A.K. v. State, 885 So. 2d 405, 407 (Fla. 2d DCA 2004) ("A defendant's mere proximity to the illegal items is insufficient to sustain a conviction."). In those circumstances, knowledge and the ability to exercise control must be established by independent proof. Watson, 961 So. 2d at 1117; accord Hargrove v. State, 928 So. 2d 1254, 1256 (Fla. 2d DCA 2006).

Here, the State's only proof of constructive possession independent of proximity is N.G.S.'s confession, which cannot be used to establish the corpus delicti of the crime. So absent some other evidence—a statement from one of the other young men in the car or N.G.S.'s fingerprints on the gun, for instance—the State is stuck. It has failed to prove the corpus delicti of the offense of delinquent in possession of a firearm so as to make his statement that the gun was his admissible evidence of his guilt of that delinquent act. See A.P., 250 So. 3d at 802 (holding that the State failed to prove the corpus delicti of minor in possession of a firearm found in a jointly occupied vehicle where "the only independent proof . . . to establish constructive possession is A.P.'s admission"); Powell v. State, 969 So. 2d 1060, 1064 n.7 (Fla. 2d DCA 2007) (noting, in dictum, in a case involving constructive possession of cocaine in a jointly occupied home, a "possible corpus delicti issue" where "there was no evidence other than the unwarned statements Mr. Powell made to establish that a crime had been committed"), quashed on other grounds by State v. Powell, 66 So. 3d 905 (Fla. 2011); Ras v. State, 610 So. 2d 24, 25 (Fla. 2d DCA 1992) (reversing conviction for trafficking by possession of cocaine where the State's only evidence of the ability to control the cocaine was the defendant's admission).

III.

Because the State failed to prove the corpus delicti of the delinquent acts with which N.G.S. was charged, we are required to reverse. We remand with instructions to enter an order granting N.G.S.'s motion for a judgment of dismissal on both counts. See A.P., 250 So. 3d at 803; J.J.J., 235 So. 3d at 1017. This disposition renders it unnecessary for us to reach his double-jeopardy argument, and we therefore decline to do so.

- 10 -

Reversed and remanded with instructions.

BLACK, J., Concurs.
SILBERMAN, J., Concurs specially with opinion.


SILBERMAN, Judge, Concurring specially.

Based on the evidence and arguments presented, I agree with the majority's conclusion that N.G.S. is entitled to a judgment of dismissal. As to the charge of delinquent in possession of a firearm, the State failed to establish the corpus delicti as it failed to adduce evidence that N.G.S. possessed a firearm. See A.P. v. State, 250 So. 3d 799, 801-02 (Fla. 2d DCA 2018). As to the concealed weapon charge, I recognize that this court is bound to follow its holding in Baldwin v. State, 857 So. 2d 249, 251 (Fla. 2d DCA 2003), that a firearm does not meet the definition of a "concealed weapon" under chapter 790. However, I still have the same concerns about the propriety of the Baldwin majority's conclusion on this issue that I expressed in my special concurrence therein. See id. at 253-57 (Silberman, J., concurring specially); see also Wiggins v. State, 253 So. 3d 1196, 1198-99 (Fla. 1st DCA 2018) (declining to follow the majority's decision in Baldwin and concluding that a firearm can be a concealed weapon under chapter 790), review granted, No. SC18-1766, 2019 WL 413764 (Fla. Feb. 1, 2019).

- 11 -