NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

K.T.B.,                                      )
                                             )
            Appellant,                       )
                                             )
v.                                           )          Case No. 2D19-59
                                             )
STATE OF FLORIDA,                            )
                                             )
            Appellee.                        )
_____  )

Opinion filed November 22, 2019.

Appeal from the Circuit Court for
Pinellas County; Kathleen Hessinger,
Judge.

Howard L. Dimmig, II, Public Defender,
and Robert D. Rosen, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Lara E. Breslow,
Assistant Attorney General, Tampa,
for Appellee.


LUCAS, Judge.

            A juvenile we will refer to as K.T.B. appeals the circuit court's order

adjudicating him delinquent and placing him on probation for one count of possession of

a controlled substance in violation of section 893.13(6)(a), Florida Statutes (2018).  On

appeal, he argues that the circuit court erred when it admitted his statement of

confession without establishing the corpus delicti of the crime.  In its answer brief, the State concedes error based upon its reading of our court's decision in N.G.S. v. State, 272 So. 3d 830 (Fla. 2d DCA 2019).  However, it appears to us that K.T.B. and the State have misconstrued N.G.S.'s holding.  We therefore reject the State's concession of error and affirm the circuit court's order for the reasons we explain below.

An officer of the Saint Petersburg Police Department was on patrol when he observed K.T.B. riding a bicycle at night without front or rear lights.  The officer attempted to initiate a traffic stop.  K.T.B. fled, eventually abandoned his bike, and ran between several houses.  The officer ultimately caught up to K.T.B. and took him into custody for obstructing an officer.  After reading K.T.B. his Miranda[1] warnings and placing him in a police vehicle, the officer asked K.T.B. why he had run.  K.T.B. initially stated that "he was scared" but later confessed that he ran because he had "crumbs" or "clumps" on his person, which the officer interpreted as referring to cocaine.

When the officer searched the area between the houses where K.T.B. had been running, he found a small baggie containing a substance that was later identified as cocaine.  The baggie was directly on the path of K.T.B.'s flight; however, the officer admitted that he did not see K.T.B. possess the baggie at any time, nor did he see K.T.B. "get rid of" any contraband at any point during their interactions.  K.T.B. was charged by delinquency petition with one count of possession of a controlled substance and one count of obstructing or resisting an officer without violence.  After an adjudicatory hearing, the court found that K.T.B. committed a delinquent act, withheld adjudication, and placed him on six months of juvenile probation.  K.T.B. now appeals

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

the order, arguing that the State failed to establish a corpus delicti of an offense under section 893.13(6)(a).[2]

"It is a longstanding tenet of common law that a defendant's confession is inadmissible to prove his guilt unless the State separately proves the corpus delicti, i.e., the 'body of the crime.' " J.J.J. v. State, 235 So. 3d 1014, 1017 (Fla. 2d DCA 2017) (quoting Shelden v. State, 38 So. 3d 214, 216 (Fla. 2d DCA 2010)).  In order for a defendant's confession to be admissible, "the State must establish '(1) that a crime of the type charged was committed; and (2) that the crime was committed through the criminal agency of another.' " N.G.S., 272 So. 3d at 832 (quoting Franqui v. State, 699 So. 2d 1312, 1317 (Fla. 1997)).

As K.T.B. points out, under section 893.13(6)(a) the State would need to prove that K.T.B. actually or constructively possessed the contraband in question.  Id. at 835.  "To prove constructive possession, 'the [S]tate must show that a defendant had knowledge of the contraband's presence and the ability to exercise dominion and control over it.' " McCray v. State, 256 So. 3d 878, 881 (Fla. 4th DCA 2018) (quoting Duncan v. State, 986 So. 2d 653, 655 (Fla. 4th DCA 2008)) (reversing conviction and remanding for entry of judgment of acquittal).  This court has long held—for purposes of a motion for judgment of acquittal—that evidence of a defendant's flight, even when coupled with the location and proximity of contraband along the flight path, without more, is insufficient to prove constructive possession.  See, e.g., Davis v. State, 761 So. 2d 1154, 1158-59 (Fla. 2d DCA 2000); see also Agee v. State, 522 So. 2d 1044, 1046

---

[2]K.T.B.'s appeal raises no issue concerning the separate withhold of adjudication of obstructing or resisting an officer without violence under section 843.02, Fla. Stat. (2018).  It appears he has abandoned that argument in this appeal.

(Fla. 2d DCA 1988) (holding that defendant's proximity to heroin and his flight from police constituted insufficient circumstantial evidence to establish constructive possession of heroin).

K.T.B. would take these judgment of acquittal decisions one step further. According to K.T.B., without his confession, there would not have been legally sufficient proof of K.T.B.'s possession of the cocaine to withstand a motion for judgment of acquittal; therefore, he concludes, the State failed to establish a corpus delicti of this crime, and his confession should have been excluded. Or, as K.T.B. puts it: "There was no proof of actual or constructive possession without his statement. Therefore, the statement was inadmissible under the doctrine of corpus delicti." We think K.T.B.'s argument goes a step too far.

Whether a corpus delicti has been established is a different inquiry from whether the evidence adduced would legally withstand a motion for judgment of acquittal. The former is a rule of evidentiary admission; the latter is one of evidentiary consideration. A motion for judgment of acquittal tests whether the State has "prove[n] every element of an offense." Poczatek v. State, 213 So. 3d 1065, 1071 (Fla. 2d DCA 2017). Identity of the defendant is often an issue in motions for judgment of acquittal because the State must show that the defendant on trial was indeed the party responsible for the criminal offense that is being prosecuted. See Akridge v. State, 970 So. 2d 917, 918 (Fla. 2d DCA 2007) ("The burden is upon the State to prove beyond a reasonable doubt all of the elements of the alleged crime including the identity of the defendant." (citing State v. Freeman, 380 So. 2d 1288 (Fla. 1980))). Corpus delicti, on the other hand, generally asks the broader question whether there was some evidence,

apart from a confession, that a crime had been committed.  Cf. S.H. v. State, 264 So. 3d 1042, 1045-46 (Fla. 3d DCA 2019) (stating corpus delicti rule "is a common law, judicially created, rule of evidence, the purpose of which is to ensure that a person will not be convicted based solely on his own false confession to a crime that never occurred" (quoting Gonzales v. State, No. AP75540, 2009 WL 1684699, at *7 (Tex. Crim. App. June 17, 2009) (Cochran, J., concurring))).  With limited exceptions, to establish a corpus delicti the State need only show that a crime has been committed, not that the defendant committed that particular crime.  See State v. Allen, 335 So. 2d 823, 825 (Fla. 1976) ("We also reject the implication . . . that identification of the defendant as the guilty party is a necessary predicate for the admission of a confession.").

We explained the extent of the limited exceptions in N.G.S., where we stated, "The corpus delicti rule does not require that the State prove the identity of the person who committed the crime, *except in those uncommon circumstances where proof of identity is necessary to show that a crime was committed at all*."  272 So. 3d at 832 (emphasis added).  Ultimately, N.G.S. concluded that the offense of a delinquent carrying a concealed weapon under section 790.23(1), Florida Statutes (2016), was one such "uncommon circumstance" because identifying the accused's status as a juvenile delinquent was a requisite element of that criminal offense.  Id. at 833-34; see also A.P. v. State, 250 So. 3d 799, 802 (Fla. 2d DCA 2018) (observing that occasionally "the identity of the guilty party and the proof that a crime occurred 'are so intimately connected that the proof of the corpus delicti and the guilty agency are shown at the same time' " (quoting Spanish v. State, 45 So. 2d 753, 754 (Fla. 1950))).

- 5 -

That is plainly not the case here. Section 893.13(6)(a)'s proscriptions do not depend on the identity of the defendant at all. It was illegal for anyone to possess the baggie of cocaine that was found on the ground near where K.T.B. was taken into custody. As such, this contraband's presence in the proximity of K.T.B.'s flight and arrest established a sufficient corpus delicti of the possession offense with which he was subsequently charged. See State v. Wallace, 734 So. 2d 1126, 1129 (Fla. 3d DCA 1999) ("In this case, the mere presence of the contraband in the closet established that a crime had been committed and that someone was criminally liable."). K.T.B.'s confession was properly admitted, and the circuit court correctly denied his motion for judgment of dismissal.

Affirmed.

SILBERMAN and BLACK, JJ., Concur.